## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EVELYN C. HUNTER,

      Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,
UNITED RECOVERY SYSTEMS, LP, and
CITIBANK MASTERCARD,

      Defendants.

United States District Court
Case No.

Lower Court Case No. DC 2-10-2016
                    2-10-2067

_____/

**EVELYN C. HUNTER**
Pro Se Plaintiff
515 Ferris Street
Ypsilanti, MI 48147
Phone: (734) 487-9269


**RONALD B. RICH & ASSOCIATES**
By:  Jan Jeffrey Rubenstein
Attorneys for United Recovery Systems, LP
30665 Northwestern Hwy.
Suite 280
Farmington Hills, MI 48334
Phone: (248) 851-4411
Fax: (248) 851-1094

**DOBBS & NEIDLE, P.C.**
By: Gregory R. Neidle (P59723)
     Daniel J. Ammon (P50923)
Attorneys for Defendant, United
Collection Bureau and Citibank
South Dakota, only
30150 Telegraph Road
Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Fax: (248) 723-9531

_____/

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS , MICHIGAN 48025 • 248-723-9520

## JOINT NOTICE OF REMOVAL

     PLEASE TAKE NOTICE that Defendants, UNITED COLLECTION BUREAU, INC. and

CITIBANK SOUTH DAKOTA (incorrectly identified as "Citibank MasterCard") by their attorney,

Gregory R. Neidle, and pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1441 *et. seq.* and 28

U.S.C. § 1446, respectfully file this Joint Notice of Removal, and removes the above captioned

matter from the 14A-2 District Court, City of Ypsilanti, Michigan, to the United States District

Court for the Eastern District of Michigan, Southern Division.  In support of their Notice,

Defendants state:

**Parties**

1.      Plaintiff, Evelyn C. Hunter, is upon information and belief, a resident of Ypsilanti, Washtenaw County, Michigan.

2.      Defendant United Collection Bureau, Inc. ("UCB") is an Ohio Corporation, headquartered at 5620 Southwyck Boulevard, Suite 206, Toledo, Ohio 43614.

3.      Defendant, United Recovery Systems, LP, ("URS") is a Texas Corporation, headquartered at 5800 North Course Drive, Houston, Texas 77072.

4.      Defendant, Citibank South Dakota ("Citibank") (incorrectly identified as "Citibank MasterCard") is a South Dakota Corporation, headquartered at 701 E 60th Street N, Sioux Falls, SD 57104-0432.

**Proceedings to Date**

5.      Plaintiff originally filed this action against UCB only, in the small claims division of the 14A-2 District Court, City of Ypsilanti, Michigan, on or about September 24, 2010 (**Exhibit 1**).

6.      On or about November 12, 2010, UCB's Michigan registered agent received a copy of the Summons and Complaint filed by Plaintiff.

7.      On or about November 23, 2010, UCB filed a Demand and Order for Removal from the small claims court to the District Court for the City of Ypsilanti (**Exhibit 2**).

8.      On or about November 30, 2010, the case was removed to the general civil division of the 14A-2 District Court (**Exhibit 3**).

9.      On or about December 2, 2010, UCB filed a Motion to Strike or Alternatively for a More Definite Statement (**Exhibit 4**).

10.      On or about January 14, 2011, Plaintiff filed a separate action in the 14A-2 District Court entitled "Plaintiff's Motion to Join Parties, Motion to Leave to Court to Amend its

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

2

Complaint for United Collection Bureau, and, United Recovery Systems, L.P., Case No. DC 2-10-2067 (See **Exhibit 5**).

11.     Plaintiff's second action named UCB as a Defendant and named two additional Defendants, URS and Citibank.

12.     On or about February 1, 2011, 14A-2 District Court Judge Cedric Simpson entered an "Order Denying in Part Defendant's Motion to Strike, or Alternatively for a More Definite Statement; and Order Joining Defendant and Consolidating Case Numbers and All Claims." (the "Order")  (See **Exhibit 6**).

13.     The Order joined UCB as a party to the second action and consolidated the two actions.

14.     On or about February 8, 2011, Citibank was served a copy of Plaintiff's Summons and Complaint (**Exhibit 7**).

15.     Plaintiff's claims in this action seek damages for alleged acts by Defendants in their attempt to collect a debt owed by Plaintiff in apparent violation of two federal statutes, the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et. seq.*  Therefore a federal question is apparent on the face of Plaintiff's Complaint.   (See Exhibit 4).

### Grounds for Removal

16.     This case may be removed from the state court to the U.S. District Court for the Eastern District of Michigan pursuant to 28 USC §1331 and §1441(a) (b) and (c).

17.     Suits pursuant to the FDCPA "may be brought in any appropriate United States district court without regard to the amount in controversy".  15 U.S.C. §1692k(d).

18.     An FDCPA action filed in state court may be removed to federal court by the defendant.  *McGilvray v. Hallmark Financial Group, Inc.*, 891 F.Supp. 265 (D.Va. 1995).

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

3

19.     Accordingly, pursuant to 28 U.S.C. §1331, a federal question is present on the face of Plaintiff's pleading and therefore, the District Court shall have original jurisdiction of all civil actions arising under the laws of the United States.

20.     Removal is timely and proper under the "last-served defendant rule," which permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b).  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532 (6th Cir. 1999).   As Plaintiff served Citibank with a copy of Plaintiff's Summons and Complaint on February 8, 2011, Defendants' Joint Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

21.     Pursuant to 28 U.S.C. §1448(a), a true and accurate copy of all process, pleadings and orders received by Defendants are attached hereto as Exhibits "1, 2, 3, 4, 5 6 and 7", and are being filed along with this Joint Notice of Removal.

22.     Pursuant to 28 U.S.C. § 1446, attorneys for Defendant, United Recovery Systems, LP, consent to and join in this Joint Notice of Removal filed by Defendants UCB and Citibank.

### Notice

23.     Defendants have filed a copy of this Notice with the 14A-2 Judicial District Court as required by 28 U.S.C. § 1446(d).

24.     By reason above, Defendants are entitled to remove this action to this Court under 28 U.S.C. §1441.

Respectfully submitted,

Dated:  February 11, 2011                    /s/ Gregory R. Neidle
                                             DOBBS & NEIDLE, PC
                                             30150 Telegraph Road, Suite 410
                                             Bingham Farms, MI 48025
                                             Phone:  (248) 723-9511
                                             Email:  gneidle@dobbsneidle.com

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

4

MI Bar Number P59273
Attorneys for Defendants United Collection
Bureau and Citibank South Dakota, only


/s/ Jan Jeffrey Rubenstein *with consent*
RONALD B. RICH & ASSOCIATES
30665 Northwestern Hwy.
Suite 280
Farmington Hills, MI 48334
Phone: (248) 851-4411
Fax: (248) 851-1094
Attorneys for United Recovery Systems, LP


## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2011 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**N/A.**

and I hereby certify that I have mailed by United States Postal Service the paper to the following non ECF participants:

EVELYN C. HUNTER
515 Ferris Street
Ypsilanti, MI 48147

Jan Jeffrey Rubenstein, Esq.
Ronald B. Rich & Associates
30665 Northwestern Hwy, Suite 280
Farmington Hills, MI 48334


/s/ Gregory R. Neidle
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  gneidle@dobbsneidle.com
MI Bar Number P59273

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

# EXHIBIT

# 1

To order this form, call (517) 337-1211
Target Information Management, Inc.
Approved, SCAO

| | | |
|---|---|---|
| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | AFFIDAVIT AND CLAIM | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT**  14-2 | **Small Claims** | DC210/754 SC |

Court address  415 W. Michigan Ave. Ypsilanti Mi. 48197      Court telephone no.  484-6690

See instructions on the back of plaintiff and defendant copies.

1. Plaintiff  Evelyn C. Hunter
   Address  515 Ferris St.
   City, state, zip  Ypsilanti Mi 48197      Telephone no.  734-487-9

2. Defendant  United Collection Bureau, Inc
   Address  5620 Southwick Blvd Ste 206
   City, state, zip  Toledo, Ohio 43614      Telephone no.

   Evelyn C. Hunter V. United Collection Bureau

**NOTICE OF HEARING**
For Court Use Only

15. The plaintiff and the defendant must be in court on
    Day  Monday      Date  12/6/10
    at  9:00 AM      at ☑ the court address above.
    Time
    ☐ Location

    Received By UCB
    NOV 12 2010

    Process server's name            Fee paid: $

3. I have knowledge or belief about all the facts stated in this affidavit and I am
   (check one) ☐ the plaintiff. ☐ a partner. ☐ a full-time employee of the plaintiff.
4. The plaintiff is (check one) ☑ an individual. ☐ a partnership. ☐ a corporation. ☐ a sole proprietor.
5. The defendant is (check one) ☐ an individual. ☐ a partnership. ☑ a corporation. ☐ a sole proprietor.

6. The date(s) the claim arose are  07/26/2010,  08/13/2010   09/01/2010
7. Amount of money claimed is $  3000.00      (NOTE: Plaintiff's costs are determined by the court and awarded as appropriate. They are not part of the amount claimed.)
☐ 8. A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint
   has been previously filed in _____ Court. The case number, if known, is _____
   The action ☐ remains ☐ is no longer    pending.
9. The reasons for the claim are  Breach of Duty, & Quiet title
   See Complaint

10. The plaintiff understands and accepts that the claim is limited to $3,000.00 by law and that the plaintiff gives up the rights to (a) recover more than this limit, (b) an attorney, (c) a jury trial, and (d) appeal the judge's decision.

11. I believe the defendant ☐ is ☑ is not mentally competent. I believe the defendant ☑ is ☐ is not 18 years or older.

12. ☐ I do not know whether the defendant is in the military service. ☑ The defendant is not in the military service.
    ☐ The defendant is in the military service.

13. Signature  Evelyn C. Hunter

Subscribed and sworn to before me on _____ Washtenaw _____ County, Michigan.

My commission expires: _____      Signature  _____
                       Date                           Deputy clerk/Notary public
Notary public, State of Michigan, County of _____

14. Expiration date: 1/3/201__

DC 84 (3/09) **AFFIDAVIT AND CLAIM, Small Claims**      MCL 600.8401 et seq., MCR 4.302, MCR 4.303

DEFENDANT

Defendant's COPY

# STATE OF MICHIGAN

## IN THE DISTRICT COURT OF WASHTENAW COUNTY

Evelyn Celo Hunter,

Plaintiff,                                                     **CASE NO.**

**V**                                                          **HON:**

UNITED COLLECTION BUREAU, INC.

 Defendant,

## MOTION FOR BREACH OF DUTY/FRAUDULENT MISPRESENTATION/VIOLATION OF MICHIGAN FAIR DEBT COLLECTION PRACTICE ACT, UNIFORM COMMERCIAL CODE ACT, AND OCCUPATIONAL CODE ACT

NOW Comes, Evelyn C. Hunter, Plaintiff (hereafter,) into this Honorable Court Pursuant to Small Caims; and request the Court to grant its order for Judgment against **UNITED COLLECTION BUREAU, INC.** in the Relief requested based on the following:

### PLAINTIFF'S STATEMENT OF FACTS

1. On or about July 28, 2010 Plaintiff, sent Defendant, an Notice and Demand for Proof of Claims, certified mail number, 7008 1140 0001 0457 1647. Signed by your agent on July 30, 2010. In response to defendants presentment. defendant was given 14 days and elected to remain silent.

2. On or about August 13, 2010, Plaintiff sent to Defendant Notice of Default and Opportunity to Cure certified mail number, 7010 0780 0000 5845 0777. Signed by defendants agent on August 16, 2010. Requesting resolution of the dispute prior to filing a complaint. defendant was given 7 days and elected to remain silent.

3. That, on September 01,2010 the Plaintiff sent to Defendant a Demand for Payment certified mail number, 7010 0780 0000 5845 0746. Signed by your agent on September 03, 2010. defendant was given 3 days to accept or reject said offer and elected to remain silent.

**WHEREFORE Defaulting having occurred UNITED COLLECTIONS BUREAU, INC. having "Defaulted" Plaintiff is entitled to judgment as a matter of law Based on following grounds:**

1. That, Every contract or duty imposes an Obligation of Good Faith in its performance or enforcement. if anything, good faith is a minimum standard of conduct in any contact or duty. The legislature has specifically declared is a call for "substantial compliance with the spirit, and not the letter only, of the duty" in its performance. "Good faith" is merely a shorter way of saying something. MCL 440. 1203.

## COUNT I MICHIGAN OCCUPATIONAL CODE ACT

2. Plaintiff incorporates the preceding statements by reference.

3. Defendant, violated Michigan Occupational Code Act, including but not limited to the following:

a. By Failing to cease communication after the Plaintiff notified the Defendant in writing that he refused to pay the alleged debt and that he wished the Defendant to cease further communication with him;

   b. Using generally false, misleading or unfair methods to collect the alleged debt;

   c. Communicating credit information which is known or which be known to be false;

   d. Using unfair or un conscionable means collect or attempt to collect the alleged debt;

   e. Failing to cease collection of the alleged debt, until the Defendant obtained verification of the debt.

4. Plaintiff has suffered damages as a result of Defendant violations of (MOCA).

2

## COUNT II MICHIGAN DEBT COLLECTION PRACTICES ACT

5.  Plaintiff incorporates the preceding statement by reference.

6.  That, violated the Michigan Collection Practice Act, MCL 445. 251 *et seq.* include, but are not limited to the following:

    a.  Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b.  Using a harassing, oppressive, or abusive method to collect a debt;

    c.  Failing to implement a procedure designed to prevent a violation by an employee in violation of MCL 445. 252 (q).

7.  Plaintiff, has suffered damages as a result of Defendants violations of the (MDCPA).

## COUNT III DEFAMATION

8.  Plaintiff incorporates the preceding statement of facts by reference.

9.  Defendants, conduct constitutes defamation at common law.

10. Defendants, false communication, acts and omissions resulted in defamation of Plaintiff.

11. Defendants, false communication, acts, and omissions harmed the reputation of Plaintiff.

12. Defendants, false communication were the type that would and/or did deter a third person from associating or dealing with Plaintiff.

13. Plaintiff, has been damaged as a result of and is entitled to damages, costs and reasonable attorney fees.

## COUNT IV INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. Plaintiff incorporates the preceding statement of facts.

15. Defendants, conduct has inflicted emotional distress that with regard to defendants assentation's and or solicitation. Without the requisite investigation. That, is the duty of good faith is defined as a covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

## STANDARD OF REVIEW

Under Michigan Law, A Plaintiff alleging a claim of negligence must demonstrate the following four elements: 1) A duty owe to Plaintiff by Defendant, 2) Breach of that duty, 3) Causation, and 4) Damages. Case v. Consumers Powers Co. 615 N.W. Once a duty is found, the violation of the statute may demonstrate prima facie evidence of negligence in light of all the relevant evidence, Teadt, supra.

## STANDARD OF REVIEW FOR FRAUDULENT MISREPRESENTATION

Under Michigan Law, to establish a prima facie claim of fraudulent misrepresentation, a Plaintiff must prove that (1) the Defendant made the material representation, (2) the representation was false ; (3) Defendant made it recklessly, without knowledge of its truth or falsity, and as a positive assertion. (4) Defendant made it with the intention that Plaintiff act on it. (5) the Plaintiff acted on it; (6) Plaintiff suffered damages.

## ARGUMENT

**MCL. 339. 918. SEC. 918. (1) WITHIN 5 DAYS AFTER THE INITIAL COMMUNICATION WITH A CONSUMER IN CONNECTION WITH A COLLECTION OF A DEBT, A COLLECTION AGENCY SHALL SEND THE CONSUMER, UNLESS THE FOLLOWING INFORMATION IS CONTAINED IN THE INITIAL COMMUNICATION OR THE CONSUMER**

HAS PAID THE DEBT, A WRITTEN NOTICE CONTAINING ALL OF THE FOLLOWING.

THE AMOUNT OF THE DEBT OWED.

THE DATE THE COMMUNICATION WAS SENT TO THE DEBTOR.

THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED.

A STATEMENT SPECIFYING THAT UNLESS THE CONSUMER, WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT, THE DEBT WILL BE ASSUMED TO BE VALID.

A STATEMENT SPECIFYING THAT, <u>IF THE CONSUMER NOTIFIES THE COLLECTION AGENCY IN WRITING WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE, THAT THE DEBT, OR ANY PORTION OF THE DEBT, IS DISPUTED, THE COLLECTION AGENCY SHALL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST THE CONSUMER AND THAT A COPY OF THE VERIFICATION OR JUDGMENT SHALL BE MAILED TO THE CONSUMER BY THE COLLECTION AGENCY.</u>

(2) IF THE CONSUMER NOTIFIES THE COLLECTION AGENCY IN WRITING, WITHIN 30 DAYS AFTER RECEIVING THE NOTICE, THAT THE DEBT, OR ANY PORTION OF THE DEBT, IS DISPUTED, COLLECTION OF THE DEBT OR ANY DISPUTED PORTION OF THE DEBT SHALL CEASE UNTIL THE COLLECTION AGENCY OBTAINS VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION OR JUDGMENT IS MAILED TO THE CONSUMER BY THE COLLECTION AGENCY. VERIFICATION OF THE DEBT SHALL INCLUDE THE NUMBER AND AMOUNT OF PREVIOUSLY MADE PAYMENTS AND THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, OR A COPY OF THE JUDGMENT AGAINST THE DEBTOR.

(3) THE FAILURE OF A CONSUMER TO DISPUTE THE VALIDITY OF A DEBT UNDER THIS SECTION SHALL NOT BE CONSTRUED AS ADMISSION OF LIABILITY BY THE CONSUMER.

a. <u>If the language Legislature use is Clear and Unambiguous, no judicial interpretation of the statute is Permitted.</u>

<u>LAW AND ARGUMENT</u>

16.     Every Contract or duty within U.C.C. act imposes an obligation of good faith in its performance or enforcement. M.C.L. 440. 1101. That is, if Defendant had acted with due diligence. Saying that if it could not meet the terms and conditions for any reason had an obligation to notify Plaintiff of such, since it was Defendant who inflicted this emotional distress. [T]he requirements of "good faith"... is but a recognition that the ... parties ... have understanding or expectations that they did not have to negotiate about those expectations. When the Legislature ... holds that "good faith" requires a party not to violate those expectations, it is recognizing that sometimes silence says more than words.

17.     The remedies provided by this act shall be liberally administered to the end that a party may be put in as good a position as if the other party has fully performed its' duty. M.C.L. 440. 1106(1). That is, if defendant would have exercised ordinary care and fully investigation this matter before it solicited Plaintiff would been able to provide plaintiff with the promise it made in its presentment to discharge of said claim. See exhibit (d).

18.     Dishonor of an accepted draft is governed by the following rules. If the draft is payable on demand, the draft is dishonored if presentment for payment is duly made to the acceptor and the draft is not paid on the day of presentment. that is, on the above dates defendant had a obligation to provide Plaintiff with said request.

19.     A party may after default take possession, of reduce its' claim to judgment. M.C.L. 440. 3502(4)(a). that is, all matters are estoppel, and all claims asserted against defendant is deemed admitted.

6

20.     Whereas, "UNITED COLLECTION BUREAU, INC. a collecting agency failed to send items by a reasonably prompt method, taking into consideration relevant instructions, the nature of the item, the cost of collection involved, and the methods generally used by it or others to present those items. M.C.L. 440. 4204(1). That is, a right to equal protection of the law.

21.     The amount of the damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by and amount that could not have realized by exercise of ordinary care. If there is bad faith, it includes any other damages the party suffered as a proximate consequence. M.C.L. 440. 4103. (5).

### CONCLUSION OF LAW

22.     Move over, April 21, 2010. <u>Our U.S. Supreme Court</u> ruled in a 7-2 decision that **THE BONA ERROR DEFENSE DOES NOT APPLY TO MISTAKES OF LAW'** in **JERMAN V CARLISLE**, it started off by stating: <u>**IGNORANCE IS NO EXCUSE TO THE LAW**</u>. <u>and Further discusses that one may violate a law unintentionally and still be held liable.</u>

WHEREFORE " **Defaulting"** having occurred, by UNITED COLLECTION BUREAU, INC. and the Cause of Action for Breach occurs when the breach occurs. as a complete bar to Plaintiff's Recovery, is Contrary to the Plain Language of MCLA 600. 6304, which sets forth the method of apportioning damages and allocating fault in a tort case, defines <u>**"fault"**</u> as follows:

**MCLA 600. 6304(8)**

**"As used in this section, "fault" includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty,**

7

or any conduct that could give rise to the imposition of strict liability, that is a

proximate cause of damage sustained by a party.


**RELIEF SOUGHT**

Plaintiff request relief in the amount of $3, 000. 00


Respectfully Submitted,


*Evelyn C. Hunter*
_____

Evelyn Celo Hunter, Plaintiff


8

STATE OF MICHIGAN

# EXHIBIT "A"

## NOTICE OF DEMAND FOR PROOF OF CLAIMS

**Evelyn Celo Hunter**

**9/23/2010**

Evelyn Celo Hunter

NOTICE AND DEMAND
Proof of Claims

UNITED COLLECTION BUREAU, INC.

5620 SOUTHWYCK BLVD STE 206

TOLEDO, OHIO 43614

7/26/2010

RE: ASSIGNMENT ACCOUNT #5424180614993217.

## NOTICE AND DEMAND FOR PROOF OF CLAIMS

Your Presentment is hereby accepted for value and return for discharge predicated upon your proof of claims. for I neither admitted or deny the charges asserted above therein for I lack sufficient knowledge to form a belief as to the truth of the matters asserted. or this may have incurred by identity theft. please provide me with a full contract disclosure, binding me to such debt, a complete payment history. and the terms and conditions of said contract. to the below address. until then you are to reframe yourself from communicating with me until these demands are met. until then I refuse to pay said debt.

You have 14 days to upon receipt of this Notice to forward said proof of claims, if you fail to so it will be construed as a complete wavier of any and all charges against. and you will agree to compensate me for any suffering as a result for phones calls, failure to comply with all said terms of this agreement.

Until then I am without Prejudice,

Evelyn Hunter

515 Ferris Street

Ypsilanti, Michigan 48197

***this communication is from concerned consumer. this is an attempt to dispute a debt and any information obtain will be used for that purpose. ***

Re: CITI MASTERCARD
Creditor: CITIBANK (SOUTH DAKOTA) NA
Account No:        5424180614993217
Balance Due:        $1968.59

EVELYN C HUNTER
515 FERRIS ST
YPSILANTI MI 48197-5303

Unless you dispute the validity of this debt or any portion thereof, please make your payment to Citi at the remit address below or call our office for arrangements.

As of the date of this letter, you owe the above referenced balance. Because of interest charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your check is received. For further information, write this office or call the above referenced number.

When calling our office at 1-800-890-8738, please refer to reference number 51490273.

Sincerely,
United Collection Bureau, Inc.

Business Hours:      8:00AM – 9:00PM Eastern Time Monday – Thursday
                             8:00AM – 8:00PM Eastern Time Friday
                             8:00AM – 12:00PM Eastern Time Saturday

This is an attempt to collect a debt by UCB, Inc., a debt collector, and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

### SEE REVERSE SIDE FOR IMPORTANT INFORMATION

ICU027000CDN

PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.

Re: CITI MASTERCARD
Creditor: CITIBANK (SOUTH DAKOTA) NA
Creditor Account No: 5424180614993217
UCB Account No:      51490273
Balance Due:        $1968.59

PO BOX 140310
TOLEDO OH 43614

ADDRESS SERVICE REQUESTED

☐ Please check box if address shown is incorrect or insurance
    information has changed, and indicate change(s) on reverse side.

━━━━━━━━━━ REMIT TO: ━━━━━━━━━━

UNITED COLLECTION BUREAU, INC.
PO BOX 140310
TOLEDO OH 43614

    51490273-CDN        352362606

EVELYN C HUNTER
515 FERRIS ST
YPSILANTI MI 48197-5303

4605

JUDGE COPY
COPY 

**UNITED STATES POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm    FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: 7008 1140 0001 0457 1647
Class: First-Class Mail®
Service(s): Certified Mail™
Return Receipt
Status: Delivered

Your item was delivered at 9:31 am on July 30, 2010 in TOLEDO, OH 43614.

Detailed Results:
- Delivered, July 30, 2010, 9:31 am, TOLEDO, OH 43614
- Notice Left, July 30, 2010, 9:05 am, TOLEDO, OH 43614
- Arrival at Unit, July 30, 2010, 9:04 am, TOLEDO, OH 43614
- Acceptance, July 28, 2010, 2:27 pm, YPSILANTI, MI 48197

Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.    Go >

Track & Confirm

Enter Label/Receipt Number.

Go >

See Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United Collection Bureau
5620 Southwick Blvd
Ste 206
Toledo, Ohio 43614

**COMPLETE THIS**

A. Signature
X Chris _____
B. Received by ( _____ )
Chris _____
D. Is delivery _____
If YES, enter de _____

NOTICE AND _____ Proof of Clai _____

3. Service Type
☒ Certified Mail
☐ Registered
☐ Insured Mail

4. Restricted Deliv

2. Article Number
(Transfer from service label)    7008 1140 0001 0457 1647

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**U.S. Postal Service**™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

TOLEDO OH 43614    OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.54 |

Postmark Here    JUL 28 2010    USPS 48197    07/28/2010

Sent To    United Collection Bureau
Street, Apt. No.; or PO Box No.    5620 Southwick Blvd Ste 206
City, State, ZIP+4    Toledo, Ohio 43614

PS Form 3800, August 2006    See Reverse for Instructions

STATE OF MICHIGAN

# EXHIBIT "B"

## NOTICE OF DEFAULT /DEMAND FOR PROOF OF CLAIMS

**Evelyn Celo Hunter**

**9/23/2010**

Evelyn Celo Hunter

## NOTICE OF DEFAULT AND OPPORTUNITY TO CURE

**UNITED COLLECTION BUREAU, INC.**

**5620 SOUTHWYCK BLVD STE 206**

**TOLEDO, OHIO 43614**

**7/26/2010**

**RE: ASSIGNMENT ACCOUNT #5424180614993217.**

### NOTICE AND DEMAND FOR PROOF OF CLAIMS

Your Presentment is hereby accepted for value and return for discharge predicated upon your proof of claims. I deny the charges asserted above therein for I lack sufficient knowledge to form a belief as to the truth of the matters asserted. or this may have incurred by identity theft. please provide me with a full contract disclosure, binding me to such debt, a complete payment history. and the terms and conditions of said contract. to the below address. until then you are to reframe yourself from communicating with me until these demands are met. until then I refuse to pay said debt.

You have 7 days to upon receipt of this Notice to forward said proof of claims, if you fail to so it will be construed as a complete wavier of any and all charges against. and you will agree to compensate me for any suffering as a result for phones calls, failure to comply with all said terms of this agreement. the amount of damages shall be the amount of said item.

Until then I am without Prejudice,

**Evelyn Hunter**

**515 Ferris Street**

**Ypsilanti, Michigan 48197**

***this communication is from an Aggrieved Party. this is an attempt to dispute a debt and any information obtain will be used for that purpose. ***

1-800-890-8738

Re: CITI MASTERCARD
Creditor: CITIBANK (SOUTH DAKOTA) NA
Account No:        5424180614993217
Balance Due:       $1968.59

EVELYN C HUNTER
515 FERRIS ST
YPSILANTI MI 48197-5303

Unless you dispute the validity of this debt or any portion thereof, please make your payment to Citi at the remit address below or call our office for arrangements.

As of the date of this letter, you owe the above referenced balance. Because of interest charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your check is received. For further information, write this office or call the above referenced number.

When calling our office at 1-800-890-8738, please refer to reference number 51490273.

Sincerely,
United Collection Bureau, Inc.

Business Hours:    8:00AM – 9:00PM Eastern Time Monday – Thursday
                   8:00AM – 8:00PM Eastern Time Friday
                   8:00AM – 12:00PM Eastern Time Saturday

This is an attempt to collect a debt by UCB, Inc., a debt collector, and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## SEE REVERSE SIDE FOR IMPORTANT INFORMATION

ICU027000CDN

PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.

Re: CITI MASTERCARD
Creditor: CITIBANK (SOUTH DAKOTA) NA
Creditor Account No: 5424180614993217
UCB Account No:      51490273
Balance Due:         $1968.59

PO BOX 140310
TOLEDO OH 43614

ADDRESS SERVICE REQUESTED

☐ Please check box if address shown is incorrect or insurance
   information has changed, and indicate change(s) on reverse side.

REMIT TO:

UNITED COLLECTION BUREAU, INC.
PO BOX 140310
TOLEDO OH 43614

51490273-CDN      352362606

EVELYN C HUNTER
515 FERRIS ST
YPSILANTI MI 48197-5303

4605

STATE OF MICHIGAN

# EXHIBIT "C"

## DEMAND FOR PAYMENT /DEMAND FOR PROOF OF CLAIMS

**Evelyn Celo Hunter**

**9/23/2010**

Evelyn Celo Hunter

United Collections Bureau, inc

5620 Southwyck Blvd. ste. 206

Toledo, Ohio 43614

08/26/2010.

Re: Assignment Account number: 5424180614993217

      Please find herein a True copy of an Demand for Payment and Settlement Agreement. You have 72 hours to accept or reject this offer upon receipt.

Thank you for your time and assistance in this regard.

                    Until then, I am Without Prejudiuce,

                    Evelyn C. Hunter.

Evelyn C. Hunter

515 Ferris Street

Ypsilanti, Mi. 48198

v.

United Collection Bureau, Inc.

5620 Southwyck Blvd. ste 206

Toledo, Ohio 43614

## DEMAND FOR PAYMENT AND SETTLEMENT AGREEMENT

This Settlement Agreement and Release ("Settlement Agreement") is entered into between Evelyn C. Hunter (hereinafter "Plaintiff"), and United Collection Bureau, Inc. (hereinafter "Defendant").

RECITALS

    A. On or about July 28, 2010, Plaintiff, sent United Collection Bureau Inc. an Notice and Demand for Proof of Claims, certified mail number 7008 1140 0001 0457 1647. Sign by your agent on July 30, 2010. you have failed to make your regularly scheduled payment, putting you in default.

    B. On or about August 13, 2010, Plaintiff sent to Defendant an Notice of Default and Opportunity to Cure certified mail number 7010 0780 0000 5845 0760. Signed by your agent on August 16, 2010. requesting resolution of the dispute prior to filing a complaint.

    C. The parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims which are or might become the subject of a Complaint, upon the term and conditions set forth herein.

1

**Agreement**

**The parties hereto agree as follows:**

**1.  Release and Discharge**

In consideration of Defendant's agreement to make the payments called for herein the Plaintiff completely releases and forever discharge the Defendant, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, loss of service, expenses and compensation which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired by Plaintiff, on account of, or in any way growing out of the faxed advertisement.

**2.  Consideration**

In consideration of the release set forth above, Defendant hereby agrees to pay Plaintiff five thousand dollars ($5,000.00). Defendant further agrees to no longer solicit Plaintiff. Defendant agrees to liquidated damages in the amount of ten thousand dollars ($10,000.00) for each solicitation after execution of this Agreement.

**3.  Attorneys' Fees**

As provided by the (FDCPA) Defendant shall bear attorneys' fees and costs arising from actions.

**4.  Warranty of Capacity to Execute Agreement**

The Plaintiff represents and warrants that no other person or entity has or has had an interest in the claims, demands, obligation, or cause of action referred to in this Settlement Agreement, except as otherwise set forth herein, and that it has not sod, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

2

5.  **Entire Agreement and Successors in Interest**

This Settlement Agreement contains the entire agreement between the Plaintiff and Defendant with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

6.  **Representation of Comprehension of Document**

In entering into this Settlement Agreement, the Plaintiff represents that it has relied upon the legal advice of its attorneys, who are the attorneys of its own choice and that the terms of this Settlement Agreement have been completely read and explained to it by its attorneys, and that those terms are fully understood and voluntarily accepted by it.

7.  **Governing Law**

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Michigan.

8.  **Additional Documents**

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional action which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

9.  **Effectiveness**

This Settlement Agreement shall become effective on execution.

**UNITED STATES POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: 7010 0780 0000 5845 0739
Class: **First-Class Mail**®
Service(s): Certified Mail™
          Return Receipt
Status: **Delivered**

Your item was delivered at 9:36 am on September 03, 2010 in TOLEDO, OH 43614.

Detailed Results:
- **Delivered, September 03, 2010, 9:36 am, TOLEDO, OH 43614**
- **Arrival at Unit, September 03, 2010, 8:31 am, TOLEDO, OH 43614**
- **Acceptance, September 01, 2010, 4:08 pm, YPSILANTI, MI 48197**

Notification Options

Track & Confirm by email

**Track & Confirm**

Enter Label/Receipt Number.

Go >

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United Collection Bureau
5620 Southwyck Blvd
Suite 206
Toledo, Ohio 43614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____

B. Received by (Printed Name)

D. Is delivery address different from item 1?
   If YES, enter delivery address below:

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)

2. Article Number
   (Transfer from service label)     7010 0780 0000 5845 0739

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

NORTHWOOD OH 43619

| | |
|---|---|
| Postage | $  $0.44 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $  $5.54 |

Postmark Here    09/01/2010

Sent To  United Collection Bureau, Inc.
Street, Apt. No.; or PO Box No.  5620 Southwyck Blvd Ste
City, State, ZIP+4  Toledo, Ohio 43614

PS Form 3800, August 2006        See Reverse for Instructions

U.S. POSTAGE
PAID
YPSILANTI, MI
48197
NOV 10 '10
AMOUNT
**$6.83**
00100695-53

43614

1000

CERTIFIED MAIL

7009 1410 0001 1353 5338

Ms. Evelyn Hunter
35 Ferris St.
Ypsilanti, MI 48197

51490273
C1714

Suit-7KPA/BKG

Received By
UCB
NOV 12 2010

RETURN RECEIPT
REQUESTED

United Collection Bureau, Inc.
5620 Southwick Blvd., Ste 206
Toledo, Ohio  43614

# EXHIBIT

# 2

Approved, SCAO

Original - Court
1st copy - Plaintiff
2nd copy - Defendant

| STATE OF MICHIGAN 14A-2 JUDICIAL DISTRICT | DEMAND AND ORDER FOR REMOVAL Small Claims | CASE NO. DC 2101754 SC |
|---|---|---|

**Court address**
415 W. Michigan Ave. Ypsilanti, MI 48197

**Court telephone no.**
(734) 484-6690

Plaintiff's name, address, and telephone no.

EVELYN C. HUNTER
Pro Se Plaintiff
515 Ferris Street, Ypsilanti, MI 48147
Phone: (734) 487-9269                    ⊞

v                              ☐ Personal service

Defendant's name, address, and telephone no.

UNITED COLLECTION BUREAU, INC.,
5620 Southwyck Boulevard, Suite 206
Toledo, OH, 43614
Phone: 419-866-6227                    ⊞

☐ Personal service

This demand is made by   ☐ plaintiff.   ☐ plaintiff's attorney.   ☐ defendant.   ☑ defendant's attorney.

**DEMAND**

I demand that this case be removed from the small claims division to the general civil division of the court.

11/23/2010
Date

Signature of party demanding removal
Gregory R. Neidle (P59273)
Name (type or print)
30150 Telegraph Road, Suite 410
Address
Bingham Farms, MI 48025          248-723-9511
City, state, zip                 Telephone no.

**ORDER**

**IT IS ORDERED:** This case is removed to the general civil division of the court for further proceedings. The defendant shall file a written answer and serve it within 14 days from the date of this order as provided in court rule.

_____
Date

_____
Judge/Attorney magistrate          Bar no.

**CERTIFICATE OF MAILING**

I certify that on this date I served a copy of this demand and order on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

_____
Date

_____
Court clerk

DC 86 (3/08) **DEMAND AND ORDER FOR REMOVAL, Small Claims**          MCL 600.8401 *et seq.*, MCR 4.306

# EXHIBIT 3

Approved, SCAO

Original - Court
1st copy - Plaintiff
2nd copy - Defendant

| STATE OF MICHIGAN 14A-2 JUDICIAL DISTRICT | DEMAND AND ORDER FOR REMOVAL Small Claims | CASE NO. DC 2101754 SC |
|---|---|---|

Court address
415 W. Michigan Ave. Ypsilanti, MI 48197

Court telephone no.
(734) 484-6690

Plaintiff's name, address, and telephone no.

EVELYN C. HUNTER
Pro Se Plaintiff
515 Ferris Street, Ypsilanti, MI 48147
Phone: (734) 487-9269

☐ Personal service

v

Defendant's name, address, and telephone no.

UNITED COLLECTION BUREAU, INC.,
5620 Southwyck Boulevard, Suite 206
Toledo, OH, 43614
Phone: 419-866-6227

☐ Personal service

This demand is made by   ☐ plaintiff.   ☐ plaintiff's attorney.   ☐ defendant.   ☑ defendant's attorney.

**DEMAND**

I demand that this case be removed from the small claims division to the general civil division of the court.

11/23/2010
Date

Signature of party demanding removal
Gregory R. Neidle (P59273)
Name (type or print)
30150 Telegraph Road, Suite 410
Address
Bingham Farms, MI 48025      248-723-9511
City, state, zip                        Telephone no.

**ORDER**

**IT IS ORDERED:** This case is removed to the general civil division of the court for further proceedings. The defendant shall file a written answer and serve it within 14 days from the date of this order as provided in court rule.

NOV 3 0 2010
Date

J. CEDRIC SIMPSON P39536
Judge/Attorney magistrate                    Bar no.

**CERTIFICATE OF MAILING**

I certify that on this date I served a copy of this demand and order on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

NOV 3 0 2010
Date

Court clerk

DC 86  (3/08)  DEMAND AND ORDER FOR REMOVAL, Small Claims          MCL 600.8401 et seq., MCR 4.306

# EXHIBIT 4

STATE OF MICHIGAN

IN THE 14A-2 DISTRICT COURT FOR THE COUNTY OF WASHTENAW

EVELYN C. HUNTER,

                               Case No. DC 2101754 SC
      Plaintiff,                Hon. J. Cedric Simpson

UNITED COLLECTION BUREAU, INC.

      Defendant.

_____/

| **EVELYN C. HUNTER** | **DOBBS & NEIDLE, P.C.** |
|---|---|
| Pro Se Plaintiff | By: Gregory R. Neidle (P59723) |
| 515 Ferris Street |     Daniel J. Ammon (P50923) |
| Ypsilanti, MI 48147 | Attorneys for Defendant |
| Phone: (734) 487-9269 | 30150 Telegraph Road |
| | Suite 410 |
| | Bingham Farms, MI 48025 |
| | Phone: (248) 723-9511 |
| | Fax: (248) 723-9531 |

_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that **Defendant's Motion to Strike or**

**Alternatively for a More Definite Statement** will be brought for hearing before

the Hon. J. Cedric Simpson, 14A-2 District Court for the County of

Washtenaw, **Tuesday, December 14, 2010 at 11:30 a.m.**, or as soon thereafter

as counsel may be heard.

                              Respectfully submitted,

                              DOBBS & NEIDLE, P.C.

Dated:  December 2, 2010      By:   _____
                              GREGORY R. NEIDLE (P59273)
                              Attorneys for Third Party Defendant
                              30150 Telegraph Road
                              Suite 410
                              Bingham Farms, MI 48025
                              Phone:  (248) 723-9511

STATE OF MICHIGAN

IN THE 14A-2 DISTRICT COURT FOR THE COUNTY OF WASHTENAW

EVELYN C. HUNTER,

        Plaintiff,

UNITED COLLECTION BUREAU, INC.

        Defendant.

Case No. DC 2-10-2016

Honorable: J. Cedric Simpson

Removed from Small Claims,
Case No. DC 2101754 SC

_____/

| **EVELYN C. HUNTER** | **DOBBS & NEIDLE, P.C.** |
|---|---|
| Pro Se Plaintiff | By: Gregory R. Neidle (P59723) |
| 515 Ferris Street |     Daniel J. Ammon (P50923) |
| Ypsilanti, MI 48147 | Attorneys for Defendant |
| Phone: (734) 487-9269 | 30150 Telegraph Road |
| | Suite 410 |
| | Bingham Farms, MI 48025 |
| | Phone: (248) 723-9511 |
| | Fax: (248) 723-9531 |

_____/

## DEFENDANT'S MOTION TO STRIKE OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

NOW COMES the Defendant, UNITED COLLECTION BUREAU, INC., by and through its attorneys Dobbs & Neidle, P.C., and pursuant to MCR 2.115(A) and (B) states as follows in support of its Motion to Strike, or Alternatively, for a More Definite Statement:

1.    Plaintiff, Evelyn C. Hunter, is a Pro Se Plaintiff.

2.    On or about September 24, 2010, Plaintiff, Evelyn C. Hunter, filed an Affidavit and Claim and attached to it a document entitled "Motion for Breach of Duty/Fraudulent Misrepresentation/Violation of Michigan Fair Debt Collection Practice Act, Uniform

Commercial Code Act, and Occupational Code Act, in the small claims division of the 14A-2 District Court in Ypsilanti, Michigan.

3.      Defendant filed a Demand for Removal to the District Court on November 23, 2010.

4.      Plaintiff's Affidavit and Claim with attached Motion (hereinafter referred to as "Pleading") fail to comply with the Michigan Court Rules' standard governing pleadings and should be stricken.

5.      Plaintiff's Pleading is vague, ambiguous and fails to provide any particularity from which Defendant can ascertain what Plaintiff's claims are based upon in order to frame a responsive pleading.

6.      This motion is supported by the accompanying brief.

7.      A proposed order granting Defendant's motion is attached as **Exhibit 2**.

## BRIEF IN SUPPORT OF MOTION TO STRIKE, OR ALTERNATIVELY FOR MORE DEFINITE STATEMENT

Plaintiff's Pleading grossly fails to comply with the pleading standards set forth in the Michigan Court Rules. *See* MCR 2.111; *See also* Pleading attached as **Exhibit 1**. As drafted, it is impossible for the Defendant to form a substantive response to the Pleading. The allegations are vague, ambiguous, convoluted and rambling. It is difficult for Defendant to comprehend exactly what they are being accused of, which in turn prevents the Defendant from formulating any defenses to the disjointed Pleading.

A complaint must contain "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" MCR 2.111(B)(1); see also *Iron Co. v. Sundberg, Carlson &*

2

*Assoc., Inc.,* 222 Mich App 120, 124, 564 NW 2d 78 (1997). "Each allegation of a pleading must be clear, concise, and direct." MCR 2.111(A)(1). A party may move for a more definite statement when the complaint is so vague or ambiguous that it does not comply with the court rules. MCR 2.115(A). *Woods v. SLB Property Management, LLC.,* 277 Mich App 622, 627; 750 NW 2d 228, 232 (2008).

Plaintiff's Pleading does not meet the requirements of MCR 2.111(B)(1). First, Plaintiff's Affidavit and Claim state that the reason for her claim is "Breach of Duty" and "Quiet Title". See Exhibit 1. Plaintiff then states "See Complaint" attached (presumably in support of these claims). The attached "Complaint" is entitled "Motion for Breach of Duty/Fraudulent Misrepresentation/Violation of Michigan Fair Debt Collection Practice Act, Uniform Commercial Code Act, and Occupational Code Act." *Id.* at 1. Yet, it contains no count for "Breach of Duty", "Misrepresentation" or "Quiet Title". *Id.* Plaintiff's Pleading purportedly claims violations of the Michigan Occupational Code Act (Count 1), Michigan Debt Collection Practices Act (Count 2), Defamation (Count 3), Intentional Infliction of Emotional Distress (Count IV). The Pleading is clearly comprised of paragraphs that have been speciously cut and pasted from some other documents. For example, after Plaintiff's Counts, the Pleading provides a "Standard of Review", "Argument" "Law and Argument" and "Conclusion of Law", all of which are not a statement of claim as required under MCR 2.111(B). See Exhibit 1, pp. 4-7.

Further Plaintiff's pleading does not provide a clear and concise factual statement sufficient to inform Defendant with reasonable definiteness about the type of specific acts or practices alleged to be violated by Defendant. *See* MCR 2.111(B)(2). Plaintiff's statement of facts comprises of three paragraphs that do not support any of

her allegations as required by MCR 2.111(B).  For example, ¶ 1 of Plaintiff's Pleading alleges that:

> "On or about July 28, 2010 Plaintiff sent Defendant a Notice and Demand for Proof of Claims, certified number, 7008 1140 0001 0457 1647.  Signed by your agent on July 30, 2010.  In response to defendants presentment. defendant was given 14 days and elected to remain silent."

Neither this paragraph, nor any of Plaintiff's allegations in her statement of facts can remotely be considered to support Plaintiff's labeled causes of action.  Moreover, these paragraphs are unintelligible, vague and ambiguous.  See MCR 2.111(A)(1) ("Each allegation of a pleading must be clear, concise, and direct.")

Plaintiff's "Wherefore" Clause is equally indecipherable.   That paragraph provides:

> "That, every contract of duty imposes an Obligation of Good Faith in its performance or enforcement.   If anything, good faith is a minimum standard of conduct in any contact or duty.  The legislature has specifically declared is a call for "substantial compliance with the spirit, and not the letter only, of the duty" in its performance.  "Good faith" is merely a shorter way of saying something.  MCL 4401203."

Here, if Plaintiff may be trying to assert a breach of a contractual claim, Plaintiff must attach the contract relied on.  MCR 2.113(F).  On the other hand, should Plaintiff be trying to state a claim for fraud or misrepresentation, her claims are too vague and ambiguous and not in accord with the particularity requirements of MCR 2.112(B).

Finally, Plaintiff's Pleading is undeniably vague, overly long to the point of excess, and contains confusing syntax and grammar. Plaintiff also fails to state in an understandable manner what she is alleging or how she supports her claims. The complaint consists mainly of incoherent ramblings, interspersed with legal jargon, resulting in allegations that are not clear, concise, or direct. See MCR 2.111(A)(1).

*Woods v. SLB Property Management, LLC.*, 277 Mich App 622, 627; 750 NW 2d 228, 232 (2008).   As submitted, Plaintiff's Pleading is clearly frivolous and is not well grounded in fact or law.

## **RELIEF REQUESTED**

WHEREFORE, Defendant, United Collection Bureau, Inc., respectfully requests that this Honorable Court strike Plaintiff's Pleading in its entirety.   Alternatively, Defendant requests that this Court Order Plaintiff to provide a more definite statement in compliance with the Michigan Court Rules.   Either way, Defendant requests that this Honorable Court award it costs and attorney fees incurred in bringing this motion pursuant to MCR 2.114(E) and/or (F).

Respectfully submitted,

DOBBS & NEIDLE, P.C.

Dated:   December 2, 2010

By:_____
GREGORY R. NEIDLE (P59273)
Attorneys for Defendant
30150 Telegraph Road, Ste 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Fax:  (248) 723-9531

STATE OF MICHIGAN

IN THE 14A DISTRICT COURT FOR THE COUNTY OF WASHTENAW

EVELYN C. HUNTER,

       Plaintiff,

Case No. DC 2101754 SC
Hon. J. Cedric Simpson

UNITED COLLECTIONS BUREAU,

       Defendant.

                                                   /

| | |
|---|---|
| **EVELYN C. HUNTER**<br>Pro Se Plaintiff<br>515 Ferris Street<br>Ypsilanti, MI 48147<br>Phone: (734) 487-9269 | **DOBBS & NEIDLE, P.C.**<br>By: Gregory R. Neidle (P59723)<br>     Daniel J. Ammon (P50923)<br>Attorneys for Defendant<br>30150 Telegraph Road<br>Suite 410<br>Bingham Farms, MI 48025<br>Phone: (248) 723-9511<br>Fax: (248) 723-9531 |

                                                   /

## PROOF OF SERVICE

      The undersigned certifies that a copy of **Defendant's Notice of Hearing, Defendant's Motion to Strike or Alternatively for a More Definite Statement, Brief in Support** and this **PROOF OF SERVICE** was served upon Evelyn C. Hunter, Pro Se Plaintiff, via U.S. First Class Mail to them at 515 Ferris Street, Ypsilanti, Michigan, 48147 as disclosed by the pleadings of record herein, with postage fully prepaid on **December 2, 2010**. I declare that the statement above is true to the best of my information, knowledge and belief.

                                          *Kelly M. Figliacconi*
                                          Kelly M. Figliacconi

# EXHIBIT 5



EVELYN C. HUNTER

515 Ferris Street

Ypsilanti, MI 48197

(734)-487-9629

January 14, 2011

14A-2 District Court

Civil Division

415 W. Michigan Ave.

Ypsilanti, MI 48197

RE:  Evelyn C. Hunter v United Recovery Systems LP

 Case No.: DC210-2067-GC

Forwarder's File No.: DC2101755-SC


Dear Clerk:


        Enclosed please find Plaintiff's Motion to Join Parties, Motion to leave to Court to Amend its

Complaint for UNITED COLLECTION BUREAU, And, UNITED RECOVERY SYSTEMS,LP.

        Your courtesy is appreciated. If you have any questions, please feel free to contact me .

  Very truly yours,


/s/Evelyn C. Hunter


EVELYN C. HUNTER

Enclosures

Cc: United Recovery Systems, LP. , United Collection Bureau, Citi bank mastercared.

## STATE OF MICHIGAN

## 14-A DISTRICT COURT FOR

## WASHTENAW COUNTY

Case No.: DC 2:10-2067GC &

EVELYN CLEO HUNTER,

DC 2-10-0002016-GC

Plaintiff,

Hon:

v.

UNITED COLLECTION BUREAU,

UNITED RECOVERY SYSTEMS, LP.

CITIBANK MASTERCARD,                                     **COMPLAINT**

Defendant (s),

_____ )

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 USC 1331 and pursuant to 15 USC 1692k(d), and

    pursuant to 28 USC 1367 for pendent state law claims.

2.  This action arise out of Defendant's violations of the Fair Debt Collection Practice Act, 15 USC

    1692 *et. Seq.* ("FDCPA") and the invasion of Plaintiff personal privacy by these Defendants in

    their illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the act transactions occurred here, Plaintiff resides here,

    and Defendants transacts business here.

### PARTIES

4.  Plaintiff Evelyn Cleo Hunter, is a natural person who resides in the City of Ypsilanti, County of

    Washtenaw, State of Michigan, and is a "Consumer" as that term is defined by 15 USC

    1692(a)(3).

1

5. Defendant CITI BANK, MASTERCARD is a "Bank" operating from an address P.O. Box 6000 THE LAKES, NV 89163-6000 and a "Creditor" as the terms is defined by 15 USC 1692(a)(6).

## FACTUAL ALLEGATIONS

### EVELYN C. HUNTER V. CITI BANK MASTERCARD

### COMPLAINT

6. Plaintiff Evelyn Cleo Hunter incurred a Financial obligation that was primarily for personal, family or household purposes and therefore a "debt" as that term is defined 15 USC 1692(a)(5), namely, a credit card from CITIBANK MASTERCARD, which was used to make Plaintiff personal purchases of food, clothing, and shelter-related items.

7. Sometimes times thereafter, the alleged debt was Co-signed, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. Sometime thereafter this matter was settled between Plaintiff and Defendant.

9. That, upon information and belief Defendant CITI BANK MASTERCARD is in possession of documentation or should be in possession of documentation to confirm the settlement of this account from said bankrupt proceedings.

10. That, upon information and belief Defendant is in possession or should be in of said Statement of Accounting that bears said balance of $0.00.

11. That, Citi Bank, MasterCard, upon information and Belief retained and/or sold said alleged debt/asset of Mrs. Hunter account number: 542180614993217; to United Collection Bureau, Inc. 5620 Southwick Blvd Suite 206 in Toledo, Ohio 43614, "an debt collector/collection agency".

12. That, Citi Bank, MasterCard, upon information and Belief retained and/or sold alleged debt/asset of Mrs. Hunter account number: 542180614993217 ; to United Recovery Systems LP, P.O. Box 722910 Houston, TX 77272-2910. "an debt collector/collection agency".

2

13. That, the conduct of Citi bank MasterCard and said Collection agencies, "GANGBANGED" Mrs. Hunter, in an effort to collect this debt. By repeatedly engaging Mrs. Hunter by mail and by phone calls and verbally abusing Mrs. Hunter was a violation of numerous and multiple provision of the FDCPA, including but not limited to 15 U.S.C.  1692d 1692e 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

UNITED RECOVERY SYSTEMS, INC. V. EVELYN CLEO HUNTER

Case No.: DC2102067-GC

MOITION TO LEAVE TO THE COURT TO AMEND ITS COMPLAINT

**General Allegations**

14. *Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13. As set forth full herein.*

15. That, Defendant URS, LP. Represents address service requested for Evelyn C. Hunter 515 FERRIS ST YPSILANTI MI 48197-5303. (*See exhibit A*).

16. That, Defendant URS, LP. Represents CITI MASTERCARD Account No: 5424180614993217 URS No: 13917258-VB-7700 Amount Due as of: April 5, 2010 $1,831.39. Telephone: 888-505-1573, ext 4987, You May Call Our Office 24 Hours A Day. *(See exhibit A)*.

17. That, when calling Telephone number 888-50501573, ext 4987, shortly thereafter, Defendant engages in the collection of the account by an automatic payment system. *(See exhibit A)*.

18. That, Defendant URS, LP. Represents **SETTLEMENT OFFER** $1,373.54 IN 3PAYMENTS.( *Id at, head-caption).(exhibit A)*.

19. That, Defendant URS, LP. Represents, Our client Citibank South Dakota N.A. is offering you a settlement of $1,373.54 in 3 payments over 3 months starting on April 19, 2010. *(See exhibit A)*.

20. That, said correspondence was false and misleading and in violation of 15 U.S.C. 1692 e(4) in that the debt collector could not lawfully take action  since Mrs. Hunter did not owe $1,373,54.

3

21. That, Defendant URS, LP. Represents, once all three payments of $457.85 each have been paid to our office on time. We will consider this account settled in full.

22. That, said correspondence was false and misleading and in violation of 15 U.S.C. 1692 e(4) in that the debt collector could not lawfully take action since Mrs. Hunter did not owe $1,373,54.

23. That, Defendant URS, LP. Represents, Each payment must be received by the due date or this settlement will be cancelled. *(See exhibit A).*

     *(Id at line 3.)*

24. That, Defendant URS, LP. Represents, if the settlement is cancelled any payments already received will be credited toward the full balance.(See exhibit A) *(id. at, line 3. )*

25. That, Defendant URS, LP. Represents, PLEASE SEND IN YOUR PAYMENTS  along with the payment stub or to the above address listed on the coupon. *(See exhibit A).*

26. That, the address on said coupon is Defendant UNITED RECOVERY SYSTEMS, LP. P.O. Box 722910 Houston, Texas 77272-2910 and NOT CITI MASTERCARD address.

27. That, Defendant URS, LP. Represents, please call our toll number, 888-505-1573 to confirm your interest in the settlement offer or explain your circumstances. Sincerely, MRS. W WHITE; ext. 4987 United Recovery Systems, LP. *(See exhibit A).*

28. That, Defendant URS, LP. Represents, This communication is from a debt collector, we are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for that purpose. *(See exhibit A).*

29. That, Defendant URS, LP. Represents, *Detach Coupon And Mail Payment. (See exhibit A).*

30. That, Defendant URS, LP. Represents, 1of 3 ACC#13917258-7700 Mail Payment To: United Recovery Systems, LP P.O. Box 722910 Houston, TX 77272-2910 payment amount -$457.85 Due Date-April 19, 2010  Payable to: Citibank South Dakota, detach coupon and mail payment.

31. That, Defendant URS, LP. Represents, 1of 3 ACC#13917258-7700 Mail Payment To: United Recovery Systems, LP P.O. Box 722910 Houston, TX 77272-2910 payment amount -$457.85 Due Date- May19, 2010  Payable to: Citibank South Dakota, detach coupon and mail payment.

4

32. That, Defendant URS, LP. Represents, 1of 3 ACC#13917258-7700 Mail Payment To: United Recovery Systems, LP P.O. Box 722910 Houston, TX 77272-2910 payment amount $457.85 Due Date: June 18, 2010 Payable to: Citibank South Dakota, detach coupon and mail payment.

33. That, Mrs. Hunter represents Notice And Demand Certified Correspondence dispute letter number:7008 1140 0001 0457 1623 mailed to URS delivered, July 30, 2010, at 7:36 am, HOUSTON, TX 77272. (See exhibit B).

34. That, Mrs. Hunter represents Notice of Default Certified Correspondence dispute letter number: 7010 0780 0000 5845 0784 mailed to URS delivered, August 16, 2010, at 9:03 am, HOUSTON, TX 77272.

35. That, Mrs. Hunter represents Demand for Payment Certified Correspondence dispute letter number: 7010 0780 0000 5845 0715 mailed to URS delivered September 03, 2010, 7:41 am, Houston, TX 77272. (See exhibit C).

36. That, Defendant **UNITED COLLECTION BUREAU,** bears the same account number that URS, LP has attempted to collection on.

37. That, URS, LP. Called Mrs. Hunter house phone every single day except thanksgiving, Christmas, and New Year, and up to five times a day.

38. That, In each of these calls to Mrs. Hunter house phone Defendant URS used an automatic predictive telephone dialing system to place the call.

39. That, In each of these calls to Mrs. Hunter house phone Defendant URS used an artificial or prerecorded voice to communicate a message.

40. That, In each of these calls to Mrs. Hunter house phone Defendant URS did not identify itself as the caller, rather it left the impression that it was "Urgent".

41. That, The use of words "Urgent" conveyed a false sense of urgency regarding the account to Mrs. Hunter.

42. That, Defendant URS caused Mrs. Hunter telephone to ring repeatedly and/or continuously with the intent to annoy, abuse or harass Mrs. Hunter.

5

43. That, In each of these calls to Mrs. Hunter house phone Defendant URS failed to meaningfully disclose its identity in violation of 15 U.S.C. 1692d(6).

44. That, the telephone calls was annoying, distressing and embarrassing for Mrs. Hunter as they were so numerous and came at inconvenient hours of the day.

45. That, at a certain point, frustrated by her inability to talk to Defendant URS and tell it to stop calling, Mrs. Hunter stop answer her phone to all numbers she did not recognized.

46. That, the conduct of Citi bank MasterCard and said Collection agencies "GANGBANGED" Mrs. Hunter, in an effort to collect this debt. By repeatedly engaging Mrs. Hunter by mail and by phone calls and verbally abusing Mrs. Hunter was a violation of numerous and multiple provision of the FDCPA, including but not limited to 15 U.S.C. 1692d 1692e 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

47. At all relevant times UNITED RECOVERY SYSTEMS, LP. –in the ordinary course of its business-regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

48. UNITED RECOVERY SYSTEMS, LP. Is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692a(6).

49. At all times relevant to this complaint, UNITED RECOVERY STSTEMS, LP. Sought to collect a debt.

50. That, UNITED RECOVERY SYSTEMS, LP. Actions violated the provisions of the FDCPA.

51. That, Mrs. Hunter has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Telephone Consumer Protection Act of 1991 ("TCPA")(URS)

52. *Mrs. Hunter incorporates the preceding allegations by reference.*

53. *The acts or omissions of the (URS) and its representatives, employees and/or agents constitute numerous and multiple violations of the TCPA, including but not limited to 47 U.S.C. 227(b)(1)(A)(iii).*

6

*54.* URS violations are multiple, willful and intentional.

*55.* Pursuant to the TCPA, 47 U.S.C. 227(b)(3)(B), Mrs. Hunter is entitled to statutory damages of $500.00 per violation.

*56.* Pursuant to TCPA, 47 U.S.C. 227(b)(3), Mrs. Hunter is entitled to statutory damages of $1,500.00 per willful or knowing violation.

### COUNT III – Michigan Occupational Code (URS)

*57. Mrs. Hunter incorporates the preceding allegations by reference.*

58. URS is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. 339.901(b).

59. Mrs. Hunter, is a debtor as that is defined in M.C.L. 339.901(f).

60. URS's foregoing acts in attempting to collect this alleged debt against Mrs. Hunter constitute violations of the MOC including but not limited to the following, M.C.L. 339.915(g), (n), (q).

61. Mrs. Hunter has suffered damages as a result of these violations of the MOC.

62. These violations of the MOC were willful.

EVELYN C. HUNTER V. UNITED COLLECTION BUREAU,

Case No.: DC2-10-0002016 GC.

MOTION TO LEAVE TO THE COURT TO AMEND IT'S COMPLAINT

### General Allegations

*63. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 5. As set forth full herein.*

64. That Defendant UNITED COLLECTION BUREAU represents Mailed to EVELYN C. HUNTER 515 FERRIS ST YPSILANTI, MI 48197-5303. Creditor  CITIBANK (SOUTH DAKOTA) NA. Creditor account no. 5424180614993217. UCB Account No. 51490273. Balance Due $1968. 59. remit to: UNITED COLLECTION BUREAU, INC. PO BOX 140310 TOLEDO, OHIO 43614. *(See Exhibit A).*

7

65. That, Defendant UNITED COLLECTION BUREAU, represents that *"Unless you dispute the Validity or any portion thereof, Please, make your payment to Citi at the remit address below or call our office for arrangements."* (See Exhibit "A"). And, *id at line1.*

66. That, Defendant UNITED COLLECTION BUREAU, furthered, represents that *"as of the date of this letter you Owe the above referenced balance. Because of interest charges that may vary from day to day, the amount due on the day you pay maybe greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your check is received."* Id *at line 3.*

67. That, Defendant UNITED COLLECTION BUREAU, also represents that this is an attempt to collect a debt by UCB, Inc. a debt collector, and any information Obtained will be used for that purpose. *Id at line 10.*

68. That, Defendant UNITED COLLECTION BUREAU, represents when calling their office at 1-800-890-8738, Please refer to reference number 51490273. Sincerely, United Collection Bureau, Inc. *Id at line 6.*

69. That, Defendant UNITED COLLECTION BUREAU, represents their business hours are: 8:00AM-9:00PM Eastern Time Monday –Thursday. 8:00AM-9:00PM Eastern Time Friday. 8:00AM-12:00 Eastern Time Saturday. *Id at line 9.*

70. That, Defendant UNITED COLLECTION BUREAU, represents the terms and conditions of said Contract for Sale. *Id.at line 11.*

71. That, Defendants UNITED COLLECTION BUREAU, purpose for contacting Plaintiff was to collect the sum of $1968.59.

72. That, Plaintiff represents Certified Correspondence number 7008 1140 0001 0457 1647 pursuant to 15 U.S.C. 1692g (the fair debt collection practice act-"FDCPA"), 15 U.S.C. 1692a, et. Seq. and requested debt validation in writing. (See Exhibit B).

73. That, Said Certified Correspondence was tendered by Defendant UNITED COLLECTION BUREAU July 30th 2010 at 9:31 am. (Affixed as Exhibit C).

8

74. That, Defendant UNITED COLLECTION BUREAU, ignored this request within the time allowed, or any other time.

75. That, Plaintiff notified Defendant UNITED COLLECTION BUREAU, of said Notice of Default and Opportunity to cure and Defendant ignored this request. (See Exhibit D).

76. That, Plaintiff offer Defendant UNITED COLLECTION BUREAU, a "Settlement offer" and seeking resolution and/or to mitigate any damages resulting from the non-compliance Defendants ignored this request. (See Exhibit E).

77. That, Defendant UNITED COLLECTION BUREAU, Correspondence date 09/13/ 2010, sent to Plaintiff acknowledging the "Insolvency" of Certified Correspondence on July 30, 2010. Certified correspondence on August 16, 2010. And most recent certified correspondence on September 03, 2010. (See Exhibit F).

78. That, Defendant UNITED COLLECTION BUREAU, Correspondence also represents on July 30, 2010. Upon receipt of your initial Correspondence, we had forwarded your request for debt validation to the original creditor. And that said account was placed on hold and have not made any attempts to collect on this debt from said date. Upon receipt of said media, we will forward your attention as requested.

79. That, Defendants UNITED COLLECTION BUREAU, September 10th acknowledgement of Default is some 40 days after represent their **"office" "Insolvency"** with respect to Plaintiff Certified Correspondence.

80. That, "Upon information and belief" another Collection Agency UNITED RECOVERY SYSTEMS LP, is attempting to collect on the very Account. (See Exhibit G).

81. That, the conduct of Citi bank MasterCard and said Collection agencies "GANGBANGED" Mrs. Hunter, in an effort to collect this debt. By repeatedly engaging Mrs. Hunter by mail and by phone calls and verbally abusing Mrs. Hunter was a violation of numerous and multiple provision of the FDCPA, including but not limited to 15 U.S.C. 1692d 1692e 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

9

82. At all relevant times UNITED COLLECTION SYSTEMS, LP. –in the ordinary course of its business-regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

83. UNITED RECOVERY SYSTEMS, LP. Is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692a(6).

84. At all times relevant to this complaint, UNITED RECOVERY STSTEMS, LP. Sought to collect a debt.

85. That, UNITED RECOVERY SYSTEMS, LP. Actions violated the provisions of the FDCPA.

86. That, Mrs. Hunter has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Telephone Consumer Protection Act of 1991 ("TCPA")(URS)

87. *Mrs. Hunter incorporates the preceding allegations by reference.*

88. *The acts or omissions of the (URS) and its representatives, employees and/or agents constitute numerous and multiple violations of the TCPA, including but not limited to 47 U.S.C. 227(b)(1)(A)(iii).*

89. *URS violations are multiple, willful and intentional.*

90. *Pursuant to the TCPA, 47 U.S.C. 227(b)(3)(B), Mrs. Hunter is entitled to statutory damages of $500.00 per violation.*

91. *Pursuant to TCPA, 47 U.S.C. 227(b)(3), Mrs. Hunter is entitled to statutory damages of $1,500.00 per willful or knowing violation.*

## COUNT III – Michigan Occupational Code (URS)

92. *Mrs. Hunter incorporates the preceding allegations by reference.*

93. URS is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. 339.901(b).

94. Mrs. Hunter, is a debtor as that is defined in M.C.L. 339.901(f).

95. URS's foregoing acts in attempting to collect this alleged debt against Mrs. Hunter constitute violations of the MOC including but not limited to the following, M.C.L. 339.915(g), (n), (q).

96. Mrs. Hunter has suffered damages as a result of these violations of the MOC.

97. These violations of the MOC were willful.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT
*Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1*

*through 19. As set forth full herein.*

98. Refusing the validate a debt in writing pursuant to 15 USC 1692g,(a)(1)(2)(3)(4)(5), and Continuing to contact Plaintiff after written notification to cease all communication pursuant to 15 USC 1692c(C).

99. Failed to identify themselves, pursuant to 15 USC 1692b(1).

100. Advertised for sale a debt prohibited pursuant to 15 USC 1692.

101. Used false, deceptive, or misleading representation or means in connection with the debt collection pursuant to 15 USC 1692e.

102. Used unfair or unconscionable means to collect or attempt to collect the alleged debt.

103. Attempted to collect any amount not authorized by the agreement creating the debt or permitted by law.

104. Violated 15 USC 1692e(2) in that it repeatedly falsely represented the character and amount of the debt.

105. Defendant's action in inflating the amount of the debt further violated 15 USC 1692 f (1) in that it was an attempt to collect a sum, including any interest, fee, charge or expense incidental to the principal obligation, that was not authorized by the express agreement of Plaintiff.

106. Violated 15 USC 1692g in that the Defendants failed to provide plaintiff with the information and rights required therein within 5 days of the initial communication.

11

107.    Violated 15 USC 1692 e (11) in that in no telephone contract did they advise either

Plaintiff that they were attempting to collect a debt and information would be used for that

purpose.

108.    For an award of actual damages pursuant to 15 USC 1692k(a)(1) against each and every
Defendant.

### COUNT TWO
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
*109.    Plaintiffs hereby restate and incorporate by reference the allegations set forth in*

*paragraphs 1 through 30. As set forth full herein.*

*110.*    Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion

and or private concerns or affairs of the Plaintiffs.

*111.*    Defendant intentionally caused harm to Plaintiffs' emotional wellbeing by engaging in

highly offensive conduct in the course of collecting this debt thereby invading and intruding

upon Plaintiffs' right to privacy.

*112.*    Plaintiff had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and/or

private concerns and affairs.

*113.*    As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an

amount to be determined at trial from each and every Defendant.

### COUNT THREE
### NEGLIGENCE MISREPRESENTATION
*114.    Plaintiffs hereby restate and incorporate by reference the allegations set forth in*

*paragraphs 1 through 35. As set forth full herein.*

*115.*    Based on the information in said Complaint Defendant made representations of material

fact,

*116.*    these representations were in fact false, when Defendant the representation knew it was

false.

*117.*    Defendant made the representation with the intent to defraud Plaintiff to act,

*118.*    Plaintiff did not know the representation was false and believed they were true.

12

*119.*     Plaintiff acted in justifiable reliance upon the truth of the representations.

*120.*     As a result of such Negligence, Plaintiffs are entitled to actual damages in an amount to

be determined at trial from each and every Defendant.

### COUNT FOUR
### FRAUDULENT CONCEALMENT

*121.*     **Plaintiffs hereby restate and incorporate by reference the allegations set forth in**

**paragraphs 1 through 43. As set forth full herein.**

*122.*     Defendant concealed/suppressed material facts it was duly bound to disclose of and,

*123.*     Defendant concealed/suppressed these facts   with the intent to defraud and induce

Plaintiff to act as described in their letter,

*124.*     at the time Plaintiff acted, was unaware of the concealed or suppressed facts and would

not have taken the action if Plaintiff had known the facts.

*125.*     As a result of such Fraudulent Concealment, Plaintiffs are entitled to actual damages in

an amount to be determined at trial from each and every Defendant.

### COUNT FIVE
### PROMISE WITHOUT INTENT TO PERFORM

*126.*     **Plaintiffs hereby restate and incorporate by reference the allegations set forth in**

**paragraphs 1 through 57. As set forth full herein.**

*127.*     Defendant made a promise about a material matter without any intention of performing it;

*128.*     Said promise was made with the Intent to defraud and induce Plaintiff to rely upon it to

act as described in said complaint.

*129.*     At the time Plaintiff acted, Plaintiff was unaware of Defendant's intention not to perform

the promise.

*130.*     Plaintiff acted in justifiable upon the promise.

*131.*     As a result of Defendant's Promise without intent to perform, Plaintiffs are entitled to

actual damages in an amount to be determined at trial from each and every Defendant.

### COUNT SIX
### MICHIGAN DEBT COLLECTION PRACTICES ACT

13

132.    *Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 62. As set forth full herein.*

133.    That, defendant violated the Michigan Collection Practice Act, MCL 445. 251 *et seq.* include, but are not limited to the following:

134.    That, defendant Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

135.    That, defendant Using a harassing, oppressive, or abusive method to collect a debt;

136.    That, defendant Failing to implement a procedure designed to prevent a violation by an employee in violation of MCL 445. 252 (q).

137.    That, defendant violated the Michigan Collection Practice Act, MCL 445. 251 *et seq.* include, but are not limited to the following:

138.    That, defendant Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

139.    That, defendant Using a harassing, oppressive, or abusive method to collect a debt;

140.    That, defendant Failing to implement a procedure designed to prevent a violation by an employee in violation of MCL 445. 252 (q).

## COUNT SEVEN
### DEFAMATION

141.    *Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 62. As set forth full herein.*

142.    That, defendant Defendants, conduct constitutes defamation at common law.

143.    That, defendant Defendants, false communication, acts and omissions resulted in defamation of Plaintiff.

144.    That, defendant Defendants, false communication, acts, and omissions harmed the reputation of Plaintiff.

14

145.    That, Defendants, false communication were the type that would and/or did deter a third

person from associating or dealing with Plaintiff.

***COUNT SEVEN***
***INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS***

146.    *Plaintiffs hereby restate and incorporate by reference the allegations set forth in*

*paragraphs 1. through 67. As set forth full herein.*

147.    That, defendant, conduct has inflicted emotional distress that with regard to defendants

assentation's and or solicitation. Without the requisite investigation. That, is the duty of good

faith is defined as a covenant that neither party shall do anything, which will have the effect of

destroying or injuring the right of the other party to receive the fruits of the contract.

***COUNT EIGHT***
***VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT***

**148.    *Plaintiffs hereby restate and incorporate by reference the allegations set forth in***
***paragraphs 1 through 77. As set forth full herein.***

**149.**    That, Defendants' on the above dates cause probability of confusion or misunderstanding

as to the source, sponsorship, approval, or certification of goods or service.

*150.*    That, Defendants' on the above dates Advertised or representing goods or services with

intent not to dispose of those goods or services as advertised or represented. MCL 445. 903 (g);

*151.*    That, Defendants' on the above dates represented to a party to whom goods or services

are supplied in response to a request made by or on behalf of the party, when they are not. MCL

445. 903 (h);.

*152.*    That, Defendants' on the above dates  caused probability of confusion or

misunderstanding with respect to the authority of a salesperson, representative, or agent to

negotiate the final terms of a transaction. MCL 445. 903 (m);

*153.*    That, Defendants' on the above dates caused probability of confusion or

misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

MCL 445. 903 (n);

15

*154.*     That, Defendants' on the above dates represented or implying that the subject of a

consumer transaction will be provided promptly, or at a reasonable time. MCL 445. 903 (q);

*155.*     That, Defendants' on the above dates failed to reveal a material fact, the omission of

which tends to mislead or deceive the consumer, and which fact could not be reasonably

known. MCL 445. 903 (s);

*156.*     That, Defendants' on the above dates failed to reveal facts that are material to the

transaction in light of representation of fact made in a positive manner. MCL 445. 903

(cc);

That, Defendants' on the above dates by knowingly avoids, evades, or prevents compliance, in

whole or in part, with an investigation. MCL 445. 908 (2) (b).

## Demand for Jury Trial

157.     Mrs. Hunter demands trial by jury in this action.

## Demand for Judgment for Relief

158.     *Accordingly, Mrs. Hunter requests that the Court grant:*

a.   *Equitable relief under statute and common law, in the form of a declaration that the amount*

*sought by Defendants is not actually owed and an injunction prohibiting further collection of*

*those amounts from Mrs. Hunter.*

b.   *Actual damages for items including emotional distress, mental anguish, frustration,*

*humiliation, and embarrassment.*

c.   *Statutory damages.*

d.   *Statutory costs and attorney fees.*

*Respectfully Submitted,*

16

*/s/Evelyn C. Hunter*

*EVELYN C. HUNTER*

*515 Ferris Street*

*Ypsilanti, Michigan 48197*

*(734)-487-9269*

*blacklaw85@yahoo.com*

Dated: January 14, 2011.

17

# EXHIBIT 6

STATE OF MICHIGAN
IN THE 14A-2 DISTRICT COURT FOR THE COUNTY OF WASHTENAW

EVELYN C. HUNTER,

Case Nos. GC 2-10-2016
2-10-2067

Plaintiff,

Hon. J. Cedric Simpson

UNITED COLLECTION BUREAU, INC.,
UNITED RECOVERY SYSTEMS, LP, and
CITIBANK MASTERCARD,

Defendants.

/

**EVELYN C. HUNTER**
Pro Se Plaintiff
515 Ferris Street
Ypsilanti, MI 48147
Phone: (734) 487-9269

**RONALD B. RICH & ASSOCIATES**
By:  Jan Jeffrey Rubenstein
Attorneys for United Recovery Systems, LP
30665 Northwestern Hwy.
Suite 280
Farmington Hills, MI 48334
Phone: (248) 851-4411
Fax: (248) 851-1094

**DOBBS & NEIDLE, P.C.**
By: Gregory R. Neidle (P59723)
Daniel J. Ammon (P50923)
Attorneys for Defendant, United
Collection Bureau, only
30150 Telegraph Road
Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Fax: (248) 723-9531

/

<u>**ORDER DENYING IN PART DEFENDANT'S MOTION TO STRIKE,**</u>
<u>**OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT;**</u>
<u>**AND**</u>
<u>**ORDER JOINING DEFENDANT AND CONSOLIDATING**</u>
<u>**CASE NUMBERS AND ALL CLAIMS**</u>

At a session of said Court held in the City of Ypsilanti,
County of Washtenaw, State of Michigan on:

_2/11/11_

J. CEDRIC SIMPSON P39536
District Court Judge

On the Motion of the Defendant United Collection Bureau; the Court having heard oral argument on the Motion to Strike on December 14, 2010 and on January 18, 2011, the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike, or Alternatively, for a More Definite Statement is denied as to the request to strike, and granted as to a more definite statement.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint in Case No. 2:10-2067 GC amends her previously filed Complaint against Defendant United Collection Bureau, Inc.

**IT IS FURTHER ORDERED** that Defendant United Collection Bureau, Inc. is joined as a party in Case No. 2:10-2067 GC pursuant to MCR 2.206(A)(2).

**IT IS FURTHER ORDERED** that Case Numbers **2-10-2016** and **2-10-2067** and all claims therein are hereby consolidated and shall henceforth be titled Case Number **2-10-2067**.

**IT IS FURTHER ORDERED** that Plaintiff has until January 31, 2011 to properly serve Defendant Citibank Mastercard with the Complaint in Case No. 2:10-2067 GC.

**IT IS FURTHER ORDERED** that Answers to the Complaint in Case No. 2:10-2067 GC are due on or before March 4, 2011.

**IT IS FURTHER ORDERED** that all parties shall appear for a status conference on March 15, 2011 at 10:30 a.m.

**IT IS SO ORDERED.**

_Arthur Simpson_

District Court Judge

# EXHIBIT

# 7

To order this form, call (517) 337-1211
Target Information Manager

Approved, SCAO

Original - Court    1st copy - Defendant    2nd copy - Plaintiff    3rd copy - Return

| STATE OF MICHIGAN RECEIVED CBSD | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | | |
| 14A-2   JUDICIAL CIRCUIT FEB 2011 | | 00c211-101cc |
| COUNTY PROBATE | | |

**Court address**

415 W. Michigan   OFFICE OF THE GENERAL COUNSEL   Ypsilanti Mi 48197   484-6090

**Court telephone no.**

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| EVELYN C. HUNTER<br>515 FERRIS<br>YPSILANTI Mi 48197<br>734 487-9269 | v | Citibank MasterCard<br>399 Park Ave<br>New York, NY 10022 |

**Plaintiff attorney, bar no., address, and telephone no.**

---

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 1-25-11 | 4/26/11 | |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

---

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| | |

| Place where action arose or business conducted |
|---|
| |

| Date | Signature of attorney/plaintiff |
|---|---|
| 1-25-11 | Evelyn C. Hunter |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/06) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)