## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EVELYN C. HUNTER,

     Plaintiff,

                                       Case No. 2:11-cv-10559

v                                      Honorable Avern Kohn

                                       Magistrate Judge Paul J. Komives

UNITED COLLECTION BUREAU,
UNITED RECOVERY SYSTEMS, LP, and
CITIBANK MASTERCARD,

     Defendants.

_____/

| **EVELYN C. HUNTER** | **DOBBS & NEIDLE, P.C.** |
|---|---|
| Pro Se Plaintiff | By: Gregory R. Neidle (P59723) |
| 515 Ferris Street |     Daniel J. Ammon (P50923) |
| Ypsilanti, MI 48147 | Attorneys for Defendant, United |
| Phone: (734) 487-9269 | Collection Bureau and Citibank |
| | (South Dakota) N.A., only |
| | 30150 Telegraph Road |
| | Suite 410 |
| | Bingham Farms, MI 48025 |
| | Phone: (248) 723-9511 |
| | Fax: (248) 723-9531 |
| | |
| | **RONALD B. RICH & ASSOCIATES** |
| | By:  Jan Jeffrey Rubenstein |
| | Attorneys for United Recovery Systems, LP |
| | 30665 Northwestern Hwy. |
| | Suite 280 |
| | Farmington Hills, MI 48334 |
| | Phone: (248) 851-4411 |
| | Fax: (248) 851-1094 |

_____/

## DEFENDANT UNITED COLLECTION BUREAU'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

    Defendant United Collection Bureau, by and through its attorneys, Dobbs & Neidle, PC,

moves pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings, and in support of the

motion states as follows:

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 •  BINGHAM FARMS , MICHIGAN 48025  •  248-723-9520

1.      Plaintiff, proceeding *pro se,* originally filed this action in the 14-A Michigan District Court.

2.      On February 11, 2011, Defendants filed a Joint Notice Of Removal (Dkt. 1).

3.      Defendants have filed their answers to the Complaint and the pleadings are closed.

4.      Plaintiff has failed to state any cognizable claim against Defendant United Collection Bureau ("UCB").  UCB is accordingly entitled to judgment on the pleadings.

5.      In accordance with LR 7.1, on March 30, 2011, Defendant UCB's counsel called Plaintiff and left a recorded message informing Plaintiff that UCB was seeking her concurrence with respect to the motion on the pleadings and requesting that Plaintiff return the telephone call.  As of March 31, 2011, Plaintiff has not returned the telephone call and UCB has therefore not been able to conduct a conference.

6.      This motion is supported by the accompanying brief.

**WHEREFORE,** Defendant United Collection Bureau requests that its motion be granted, that an order be entered dismissing it from the lawsuit, with prejudice, and that it be granted whatever additional relief the Court deems just and appropriate.

/s/ Gregory R. Neidle
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  gneidle@dobbsneidle.com
MI Bar Number P59273
Attorney for Defendant United Collection Bureau

Dated:  March 31, 2011

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2011 I electronically filed the foregoing paper with the Clerk

of the Court using the ECF system which will send notification of such filing to the following:

Jan Jeffrey Rubenstein, Esq.
Ronald B. Rich & Associates
30665 Northwestern Hwy, Suite 280
Farmington Hills, MI 48334


and I hereby certify that I have mailed by United States Postal Service the paper to the

following non ECF participants:

EVELYN C. HUNTER
515 Ferris Street
Ypsilanti, MI 48147


/s/ Gregory R. Neidle
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  gneidle@dobbsneidle.com
MI Bar Number P59273

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EVELYN C. HUNTER,

      Plaintiff,

                                   Case No. 2:11-cv-10559

v                                    Honorable Avern Kohn

                                   Magistrate Judge Paul J. Komives

UNITED COLLECTION BUREAU,
UNITED RECOVERY SYSTEMS, LP, and
CITIBANK MASTERCARD,

      Defendants.

_____/

| | |
|---|---|
| **EVELYN C. HUNTER** | **DOBBS & NEIDLE, P.C.** |
| Pro Se Plaintiff | By: Gregory R. Neidle (P59723) |
| 515 Ferris Street |     Daniel J. Ammon (P50923) |
| Ypsilanti, MI 48147 | Attorneys for Defendant, United |
| Phone: (734) 487-9269 | Collection Bureau and Citibank |
| | (South Dakota) N.A., only |
| | 30150 Telegraph Road |
| | Suite 410 |
| | Bingham Farms, MI 48025 |
| | Phone: (248) 723-9511 |
| | Fax: (248) 723-9531 |
| | |
| | **RONALD B. RICH & ASSOCIATES** |
| | By:  Jan Jeffrey Rubenstein |
| | Attorneys for United Recovery Systems, LP |
| | 30665 Northwestern Hwy. |
| | Suite 280 |
| | Farmington Hills, MI 48334 |
| | Phone: (248) 851-4411 |
| | Fax: (248) 851-1094 |

_____/

## DEFENDANT UNITED COLLECTION BUREAU'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 •  BINGHAM FARMS , MICHIGAN 48025  •  248-723-9520

# <u>TABLE OF CONTENTS</u>

STATEMENT OF ISSUE PRESENTED ........................................................................ iii

CONTROLLING AUTHORITIES ............................................................................... iv

STATEMENT OF FACTS ............................................................................................1

STANDARD OF REVIEW ...........................................................................................3

ARGUMENT ................................................................................................................4

I.  PLAINTIFF HAS NOT STATED A COGNIZABLE CLAIM
    AGAINST UCB UNDER THE TCPA. ....................................................................7

II.  PLAINTIFF HAS NOT STATED A COGNIZABLE CLAIM
     AGAINST UCB UNDER THE FDCPA. ................................................................9

     A.  15 U.S.C. §1692g(a)(1)-(5)...........................................................................9

     B.  15 U.S.C. §1692c(c)....................................................................................10

     C.  15 U.S.C. §1692b(1) ...................................................................................10

     D.  15 U.S.C. §1692d(4) ...................................................................................11

     E.  15 U.S.C. §1692e(2)....................................................................................11

     F.  15 U.S.C. §1692f and §1692f(1) .................................................................12

     G.  15 U.S.C. §1692g(a) ...................................................................................13

     H.  15 U.S.C. §1692e(11) .................................................................................13

     I.  15 U.S.C. §1692k(a)(1) ...............................................................................13

III.  PLAINTIFF HAS NOT STATED ANY COGNIZABLE
      STATE LAW CLAIM AGAINST UCB. ..............................................................14

      A.  Michigan Occupational Code.......................................................................14

      B.  Invasion Of Privacy By Intrusion Upon Seclusion .....................................15

      C.  Negligent Misrepresentation .......................................................................16

      D.  Fraudulent Concealment ..............................................................................18

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

E.  Promise Without Intent To Perform (Fraudulent Misrepresentation) ...................19

F.  Michigan Debt Collection Practices Act .............................................................20

G.  Defamation................................................................................................................20

H.  Intentional Infliction Of Emotional Distress.......................................................21

I.  Violation Of Michigan Consumer Protection Act .................................................23

CONCLUSION AND RELIEF.........................................................................................25

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

## STATEMENT OF ISSUE PRESENTED

1.  Whether Plaintiff has failed to state any cognizable claims against Defendant United

    Collection Bureau, entitling United Collection Bureau to a judgment on the pleadings

    and dismissal from the lawsuit.

    Defendant United Collection Bureau answers "Yes."

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

# CONTROLLING AUTHORITIES

**Cases**

  **Federal**

*Amaya v. Pollack & Rosen,* 2010 WL 724451 (S.D. Fla. 2010) ........................7

*Amini v. Oberlin College,* 259 F.3d 493 (6th Cir. 2001) ....................................3

*Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937 (2009)........................4,7,12,14

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)...........................4,7,12,14

*Bentley v. Bank of America,* 2011 WL 1097452 (S.D. Fla. 2011)......................9

*Bond v. U.S. Bank National Ass'n,* 2010 WL 1265852 (E.D. Mich 2010)......................10

*Burton v. William Beaumont Hospital,* 373 F. Supp.2d 707 (E.D. Mich. 2005) .............24

*Clemente v. IC Systems, Inc.,* 2010 WL 3855522 (E.D. Cal. 2010) ...................................7

*Denius v. Dunlap,* 330 F.3d 919 (7th Cir. 2003) ................................................14

*DirectV, Inc. v. Karpinsky,* 269 F. Supp.2d 918 (E.D. Mich. 2003),
    *motion for reconsideration granted on other grounds,* 274 F.Supp.2d 918 ............17,24

*English v. Flagstar Bank,* 2009 WL 3429674 (E.D. Mich. 2009)......................................4

*Equal Employment Opportunity Commission v. J.H. Routh Packing Co.,*
246 F.3d 850 (6th Cir. 2001) ........................................................3

*Harvey v. Great Seneca Financial Corp.,* 453 F.3d 324 (6th Cir. 2006) ..........................4

*Jang v. A. M. Miller and Associates,* 122 F.3d 480 (7th Cir. 1997) ...................................12

*Montgomery v. Huntington Bank,* 346 F.3d 693 (6th Cir. 2003) ..........................................4

*Polk v. Yellow Freight System, Inc.,* 801 F.2d 190 (6th Cir. 1986) ...................................21

*Pugliese v. Professional Recovery Services, Inc.,* 2010 WL 2632562,
    (E.D. Mich. 2010) ................................................................9

*Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988) .............. *passim*

*Smith v. Transworld Systems,* 953 F.2d 1025 (6th Cir. 1992) ...........................................10

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

*Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103 (6th Cir. 1996) ................................5

**Michigan**

*Burden v. Elias Brothers Big Boy Restaurants,* 240 Mich. App. 723 (2000)....................21

*Dalley v. Dykema Gossett PLLC,* 287 Mich. App. 296 (2010) .........................................15

*Detroit Free Press v. Oakland County Sheriff,* 164 Mich. App. 656 (1988) ...................16

*Doe v. Mills,* 212 Mich. App. 73 (1995) .........................................................................16

*Gonyea v. Motor Parts Federal Credit Union,* 192 Mich. App. 74 (1992) .....................20

*Jim-Bob, Inc. v. Mehling,* 178 Mich. App. 71 (1989) ......................................................19

*Liss v. Lewiston-Richards, Inc.,* 478 Mich. 203 (2007) ...................................................23

*M & D, Inc. v. McConkey,* 231 Mich. App. 22 (1998) .....................................................18

*Meek v. Michigan Bell Telephone Co.,* 193 Mich. App. 340 (1992)................................23

*Roberts v. Auto-Owners Insurance Co.,* 422 Mich. 594 (1985) .......................................22

*Smith v. Globe Life Insurance Co.,* 460 Mich. 446 (1999) ..............................................23

*State-William Partnership v. Gale,* 169 Mich. App. 170 (1988) 17.................................17

**Statutes**

**Federal**

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* ............... *passim*

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* .......................2,4

**Michigan**

Michigan Consumer Protection Act ("MCPA"), M.C.L. §445.901 *et seq.* .....................23

Michigan Debt Collection Practices Act ("MDCPA"), M.C.L. §445.251 *et seq.* ...........20

Michigan Occupational Code ("MOC"), M.C.L. §339.901 *et seq.* .................................14

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

**Rules**

Fed. R. Civ. P. 12(c) ..............................................................................................3

Fed. R. Civ. P. 12(b)(6) .......................................................................................3

**Miscellaneous**

Declaratory Ruling, FCC 07-232 (January 4, 2008).............................................9

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

## STATEMENT OF FACTS

Plaintiff Evelyn Hunter ("Hunter"), proceeding *pro se*, commenced the instant action on November 12, 2010, in the small claims division of the 14-A Michigan District Court. The Complaint ("Complaint I") named United Collection Bureau, Inc. ("UCB") as the single Defendant and denominated four counts, titled "Michigan Occupational Code Act;" "Michigan Debt Collection Practices Act;" "Defamation;" and "Intentional Infliction Of Emotional Distress." (Exhibit 1)[1]

On November 23, 2010, UCB filed a demand for removal of the lawsuit from the small claims division to the general civil division of the District Court. An Order granting the demand for removal was entered November 30, 2010. The Order directed that the Defendant was to file an answer within 14 days of the Order's entry.

In lieu of filing an answer, on December 2, 2010, UCB filed a Motion To Strike Or Alternatively For A More Definite Statement, contending that the Complaint did not comply with the pleading requirements of the Michigan Rules Of Civil Procedure and was unintelligible, vague and ambiguous.

At a hearing on December 14, 2010, the District Court denied UCB's motion to strike and granted UCB's motion for more definite statement. The Court ordered Plaintiff to file an amended complaint and continued the hearing to January 18, 2011, to determine the sufficiency of Plaintiff's amended pleading.

On January 18, 2011, Plaintiff filed a second Complaint ("Complaint II") (Exhibit 2) in the 14-A District Court. Complaint II was assigned a different case number than that assigned

---

[1]   The Complaint was titled "Motion For Breach Of Duty/Fraudulent Misrepresentation/Violation of Michigan Fair Debt Collection Practice Act, Uniform Commercial Code Act, And Occupational Code Act."

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

to Complaint I.  In Complaint II, Plaintiff named UCB, and added United Recovery Systems, LP ("URS") and Citibank Mastercard ("Citibank") as Defendants.  Complaint II included claims alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, as well as several claims arising under Michigan law.

On January 18, 2011, the District Court ruled that the Complaint II filed by Plaintiff that same day would constitute her amended complaint and that the two lawsuits would be consolidated.  On February 1, 2011, the District Court entered an Order Denying In Part Defendant's Motion To Strike, Or Alternatively For A More Definite Statement; And Order Joining Defendant And Consolidating Case Numbers And All Claims.  (Exhibit 3)  The Order indicated that Complaint II amended Plaintiff's previous Complaint I; stated that UCB was joined as a party to Case No. 2:10-2067 GC, the new lawsuit commenced by Complaint II; and consolidated the two lawsuits under Case No. 2-10-2067.

Citibank was served with a copy of the summons and Complaint II on February 8, 2011.[2]  On February 11, 2011, UCB, Citibank and URS filed a Joint Notice Of Removal (Dkt. 1) pursuant to federal question jurisdiction under 28 U.S.C. §1331 based on the claims set forth in Complaint II alleging violations of the FDCPA.  UCB filed its answer to Complaint II on February 18, 2011; Citibank filed its answer on March 1, 2011[3]; and URS filed its answer on

---

[2]  Although Complaint II references Exhibits A-F, the copy of Complaint II served on UCB did not have any exhibits attached.  The copy of Complaint II attached hereto as Exhibit 2 is a copy of the Complaint II filed in the 14-A District Court, which likewise did not have any exhibits denominated A-F, but rather had two attachments, each titled "Settlement Offer Re:  United Recovery Systems, LP V Evelyn Cleo Hunter."

[3]  With its answer, Citibank filed a counterclaim against Plaintiff for a balance due on her credit card in the amount of $2,336.84.  (Dkt. #6)  Citibank filed a request for clerk's entry of default with respect to the counterclaim on March 23, 2011.  (Dkt. #12)

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

March 2, 2011.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(c), a party may file a motion for judgment on the pleadings after the pleadings are closed. The motion is evaluated in accordance with the standard that applies to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Equal Employment Opportunity Commission v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436, note 1 (6th Cir. 1988). In *Scheid,* the Court set forth the standard of review for a 12(b)(6) motion as follows, *id.* at 436:

> A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The familiar standard for reviewing dismissals under Rule 12(b)(6) is that "the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir. 1983) ...
>
> Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. ... "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984) ... . As the First Circuit stated,
>
> [we]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.
>
> *O'Brien v. DiGrazia,* 544 F.2d 543, 546 n.3 (1st Cir. 1976) *cert. denied,* 431 U.S. 914, 97 .S. Ct. 2173, 53 L.Ed.2d 223 (1977)).
> [Emphasis in the original; some citations omitted.]

In considering a motion to dismiss, the court primarily relies on the allegations in the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin*

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

*College,* 259 F.3d 493 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.,* 108 Fl3d 1546, 1554 (6th Cir. 1997)) [Emphasis omitted.]  A court should not assume facts that were not pled.  *Harvey v. Great Seneca Financial Corp.,* 453 F.3d 324, 328 (6th Cir. 2006).

The pleading requirements necessary to survive a motion to dismiss have been further clarified by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* ___ U.S. ___,  129 S.Ct. 1937 (2009).  As stated by this Court in *English v. Flagstar Bank*, 2009 WL 3429674 (E.D. Mich. 2009), *id.* at *2:

> To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (internal quotations marks and citation omitted).  Moreover, '[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Id.* at 949 (internal quotation marks and citations omitted).

While a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," a court "need not accept as true legal conclusions or unwarranted factual inferences."  *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003).

## ARGUMENT

Applying the above standard to Plaintiff's Complaint II, it is apparent upon review of its rambling allegations that Plaintiff has failed to state any cognizable claim against UCB.  The Complaint is replete with legal conclusions devoid of any well-pled factual allegations to sustain the purported claims.  In ¶6, Plaintiff acknowledges that she used a credit card issued to

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

4

her by Citibank to make purchases, and thereby incurred a debt. She alleges in ¶7 that the "alleged debt" was thereafter "placed or transferred to Defendant for collection," without identifying which Defendant the debt was transferred to. She proceeds to allege in ¶8 that "[s]ometime thereafter this matter was settled between Plaintiff and Defendant." Plaintiff does not articulate precisely when or how this matter was "settled" – whether she paid the entire balance due, or some accommodation was arranged. She does not cite any correspondence confirming the "settlement," but indicates in ¶9, that, "upon information and belief" Citibank possesses documentation "to confirm the settlement of this account from this bankrupt proceedings." Plaintiff does not allege that she filed for bankruptcy; does not identify the case number of any bankruptcy proceedings; and does not allege that any order was entered discharging any of her debts. She claims in ¶9 that Defendant, without identifying which Defendant, "is in possession ... of said Statement of Accounting that bears said balance of $0.00," again, without stating how the debt was satisfied.

In subsequent paragraphs, Plaintiff engages in a rambling narrative describing various written communications between herself, URS and UCB. In ¶s 64-79, Plaintiff refers to Exhibits A-F, none of which were attached either to the Complaint II filed with the District Court or served on UCB. Only Exhibits A-C were attached to Complaint I. Included in Exhibit A attached to Complaint I was a copy of correspondence from UCB dated June 17, 2010, in which UCB indicated it was a debt collector attempting to collect a debt owed to Citibank in the amount of $1968.59. The correspondence advised Ms. Hunter that if she notified UCB in writing within 30 days disputing the validity of the debt, UCB would send her verification of the debt.

Also included in Exhibit A is a copy of a "Notice And Demand For Proof Of Claims" dated July 26, 2010, which Plaintiff alleges she sent to UCB by certified mail. A copy of a

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

certified mail receipt included in Exhibit A indicates UCB received the Notice on July 30, 2010.  In her Notice, Plaintiff asserted that she "neither admitted or deny the charges asserted above therein for I lack sufficient knowledge to form a belief as to the truth of the matters asserted. or this may have incurred by identity theft."  Plaintiff requested that UCB send her a complete payment history and the terms and conditions of the contract.  Plaintiff concluded the Notice with the following statement:  "You have 14 days to upon receipt of this Notice to forward said proof of claims, if you fail to so it will be construed as a complete waiver of any and all charges against. and you will agree to compensate me for any suffering as a result for phone calls, failure to comply with all said terms of this agreement."

In Exhibit B attached to Complaint I, Plaintiff included a copy of the same correspondence from UCB dated June 17, 2010, as well as a document titled "Notice Of Default And Opportunity To Cure," dated July 26, 2010.  This Notice was comparable to the Notice included in Exhibit A, except that it required a response within 7 days.

Exhibit C attached to Complaint I included correspondence from Plaintiff to UCB dated August 26, 2010, indicating that she has enclosed a "Demand for Payment and Settlement Agreement" ("Demand") which UCB has 72 hours to accept or reject.  The enclosed Demand refers to the Notices included in Exhibits A and B and proceeds to set forth terms of a proposed settlement whereby Ms. Hunter releases UCB from unspecified claims "growing out of the faxed advertisement," contingent on UCB paying Ms. Hunter $5,000 and agreeing "to no longer solicit Plaintiff."

In ¶s 72-76 of Complaint II, Plaintiff redesignates Exhibits A-C attached to Complaint I as Exhibits A-E.  In ¶s 74-75, Plaintiff alleges that UCB ignored the requests for validation contained in her Notices.  In ¶76, Plaintiff refers to the "Settlement offer," which she alleges was "seeking resolution and/or mitigate any damages resulting from the non-compliance"

6

based on UCB's failure to respond to her Notices.  Plaintiff alleges that UCB ignored her "Settlement offer."  In ¶78, Plaintiff alleges that UCB sent her correspondence in which UCB indicated that, "Upon receipt of your initial Correspondence, we had forwarded your request for debt validation to the original creditor.  And that said account was placed on hold and have not made any attempts to collect on this debt from said date.  Upon receipt of said media, we will forward your attention as requested."  Plaintiff does not allege that UCB contacted her any time after it sent her this correspondence.

UCB submits that the allegations contained in Plaintiffs Complaint II are so garbled and incoherent that they do not constitute well-pleaded factual allegations under *Twombly* and *Iqbal, supra,* sufficient to support any of the claims alleged against UCB.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown[n],' – that the pleader is entitled to relief," as required under Fed. R. Civ. P. 8(a)(2).  *Iqbal, supra,* 129 S.Ct. at 1950.  The claims themselves simply contain "formulaic recitation of the elements of a cause of action," *Twombly,* 550 U.S. at 555, without sufficient articulation of any facts to support them.  *See, e.g., Clemente v. IC Systems, Inc.,* 2010 WL 3855522 (E.D. Cal. 2010) (plaintiff failed to plead a plausible claim for relief under the FDCPA based on *Iqbal*); *Amaya v. Pollack & Rosen,* 2010 WL 724451 (S.D. Fla. 2010) (plaintiff's claim under the FDCPA contained "threadbare recitals" and "conclusory statements" that were insufficient under *Iqbal*).  UCB is accordingly entitled to judgment on the pleadings and dismissal from the lawsuit, with prejudice.

## I.   PLAINTIFF HAS NOT STATED A COGNIZABLE CLAIM AGAINST UCB UNDER THE TCPA.

Under the TCPA, 42 U.S.C. §227(b)(1), it is unlawful for any person (1) to make a call using "any automatic telephone dialing system or an artificial or prerecorded voice" to a

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

telephone number "for which the called party is charged for the call," including a cell telephone number, unless the called party has given prior express consent; (2) "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications] Commission under paragraph (2)(B)[.]"  It follows, therefore, that in order to state a claim under the statute, the plaintiff must allege that the defendant made one or more such telephone calls to the plaintiff.

Nowhere in Complaint II does Plaintiff allege that UCB made any telephone calls whatsoever to Plaintiff.  In ¶s 37-43, Plaintiff alleges that URS made numerous calls to her "house phone" using "an automatic predictive telephone dialing system to place the call" (¶39) and that in each of these calls URS used "an artificial or prerecorded voice to communicate a message."  (¶40)  These are the only allegations in the Complaint attributing telephone calls to a Defendant.  On p. 6 of Complaint II, Plaintiff sets forth a claim titled "Count II – Telephone Consumer Protection Act of 1991 ("TCPA")(URS)."  In this count, Plaintiff expressly names URS as violating the TCPA, and does not name any other Defendant.  Plaintiff repeats the identical count on p. 10, again naming only URS as violating the TCPA.  Plaintiff has consequently not stated any claim against UCB relating to the TCPA.

Moreover, even if Plaintiff were to contend that one of the two TCPA counts was intended to apply to UCB, she has failed to state a cognizable claim.  Plaintiff alleges in ¶s 37-40 that the telephone calls were made to her "house phone," i.e., to her residential line.  In ¶39, she alleges that the calls were made using "an artificial or prerecorded voice to communicate a message."  Under §227(b)(1)(B), the Federal Communications Commissions has authority to exempt such calls to a residential line from the application of the TCPA.  In accordance with its

8

express authority under the TCPA, the Federal Communications Commission has determined that calls by debt collectors to a residential telephone line in which an artificial or prerecorded message is left are exempted from the prohibition.  *See* Declaratory Ruling, FCC 07-232, at 3 (January 4, 2008) (Exhibit 4); *Bentley v. Bank of America,* 2011 WL 1097452, *5 (S.D. Fla. 2011); *Pugliese v. Professional Recovery Services, Inc.,* 2010 WL 2632562, *6 (E.D. Mich. 2010).   Plaintiff has accordingly failed to state a cognizable claim against UCB under the TCPA.

## II.   PLAINTIFF HAS NOT STATED A COGNIZABLE CLAIM AGAINST UCB UNDER THE FDCPA.

On p. 11 of Complaint II, Plaintiff has included a claim titled "Violation Of The Fair Debt Collection Practice Act."  Although Plaintiff enumerates numerous purported violations of the FDCPA, Plaintiff has failed to identify which Defendant(s) she claims committed each violation, with the exception of ¶106, which she indicates applies to "the Defendants."  In ¶108, Plaintiff indicates that she is seeking actual damages against "each and every Defendant."  For purposes of this motion, therefore, UCB will assume that the claim is being made against UCB and will address the alleged violations seriatim.

### A.      15 U.S.C. §1692g(a)(1)-(5)

In ¶98, Plaintiff alleges that UCB violated 15 U.S.C. §1692g(a)(1)-(5) by refusing to validate the debt in writing.  The provision in question, however, delineates the information that a debt collector must include in the initial communication to the debtor.  UCB's initial letter to Plaintiff dated June 17, 2010, included in Exhibit A attached to Plaintiff's Complaint I (Exhibit 1), included all of the required information.

Under §1692g(b) (not cited by Plaintiff), if the debtor requests validation of the debt, the debt collector must cease collection of the debt until the debt collector has mailed a copy of

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

the verification to the debtor.  A debt collector can comply with this provision either by providing the verification, or ceasing its collection efforts.  *See Smith v. Transworld Systems,* 953 F.2d 1025, 1031 (6th Cir. 1992); *Bond v. U.S. Bank National Ass'n,* 2010 WL 1265852, *3 (E.D. Mich 2010).  Failure to provide the verification Plaintiff demanded, therefore, did not violate the statute, provided that UCB ceased its collection activity.  Plaintiff does not allege that UCB engaged in any collection activity after receiving Plaintiff's request for verification. In fact, in ¶78 Plaintiff alleges UCB informed Plaintiff that "said account was placed on hold and have not made any attempts to collect on this debt from said date."  Consequently, UCB's alleged failure to provide verification did not violate the FDCPA.

**B.      15 U.S.C. §1692c(c)**

In ¶98, Plaintiff alleges that UCB violated §1692c(c) by continuing to contact her after she gave written notification to cease all communication with her.  The only communication Plaintiff alleges it received from UCB after requesting verification of the debt and demanding that UCB refrain from communicating with her until providing such verification is the communication referred to in ¶78 in which UCB indicated it had placed the account on hold and had ceased all collection activity.  Section 1692c(c)(1) expressly states that after being advised to cease all communication, it is permissible for a debt collector to communicate with the debtor "to advise the consumer that the debt collector's further efforts are being terminated."  UCB's communication was therefore in accordance with this provision and did not violate the FDCPA.

**C.      15 U.S.C. §1692b(1)**

In ¶99, Plaintiff alleges that UCB violated §1692b(1) by failing to identify itself.  This section only applies to a debt collector's communication with "any person other than the consumer for the purpose of acquiring location information about the consumer[.]"  Nowhere in

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

Complaint II does Plaintiff allege that UCB communicated with any third party, to obtain location information or otherwise.  Consequently, Plaintiff has not supported this claim with any factual allegations.

### D.        15 U.S.C. §1692d(4)

In ¶100, Plaintiff alleges that UCB "[a]dvertised for sale a debt prohibited pursuant to 15 USC 1692."  The specific section which applies to this alleged violation is §1692d(4). Nowhere in the Complaint does Plaintiff allege that UCB advertised the debt for sale.  There is, accordingly, no factual basis for the claim.

### E.        15 U.S.C. §1692e and §1692e(2)

In ¶101, Plaintiff alleges that UCB violated 15 U.S.C. §1692e by using "false, deceptive, or misleading representation or means in connection with the debt collection."  In ¶104, she alleges that UCB violated §1692e(2) in that it "repeatedly falsely represented the character and amount of the debt."

The Complaint's factual allegations do not support this claim.  Plaintiff appears to base this claim on her assertion in ¶s 8-10 that the debt had been "settled" through some "bankrupt proceedings" and that UCB's representation in its correspondence of June 17, 2010, that she owed Citibank $1968.59 was therefore "false, deceptive, or misleading."  Plaintiff fails, however, to provide any factual support for her claim that her debt to Citibank was "settled" and that there was a "$0.00" balance on the credit card account.  While acknowledging that she incurred a debt on the credit card, nowhere does she allege that she paid the entire balance due, or offer any other factual support for the purported "settlement."  No details are offered regarding the reference to purported bankruptcy proceedings – no statement regarding when the bankruptcy petition was filed or in what court.  There is no allegation that an order was entered discharging the debt to Citibank.  Plaintiff has attached no documentation to support her claim

11

of a "settlement," stating "upon information and belief" that such documentation is in the possession of Citibank.  (¶9)

Such sparse factual allegations do not suffice under *Twombley* and *Iqbal* to state a plausible claim for relief.  Plaintiff has offered conclusory allegations in support of this claim, rather than setting forth sufficiently detailed facts that show that she is entitled to the relief requested.

Even if Plaintiff were correct, however, that UCB's assertion in the June 17, 2010, letter that she owed Citibank $1968.59 was erroneous, the letter was subject to the verification provision of §1692g(b).  Where a debt collector has made a mistake with regard to the amount owed and verification is requested, "the statute allows the debt collector to cease all collection activities at that point without incurring any liability for the mistake." *Jang v. A. M. Miller and Associates,* 122 F.3d 480, 483 (7th Cir. 1997).  As Plaintiff acknowledges in ¶78, UCB ceased all collection activities after Plaintiff requested verification.

Plaintiff, moreover, is currently in default with respect to Citibank's counterclaim that she owes Citibank a balance due on the credit card account in the amount of $2,336.84. (Dkt.#12)  Plaintiff is accordingly estopped from claiming that she settled the debt owed to Citibank and that the balance on the account was $0.00.

**F.     15 U.S.C. §1692f and §1692f(1)**

In ¶102, Plaintiff alleges that UCB used "unfair or unconscionable means to collect or attempt to collect the alleged debt."  This allegation is within the scope of 15 U.S.C. §1692f.  In ¶103, Plaintiff claims that UCB, "Attempted to collect [an] amount not authorized by the agreement creating the debt or permitted by law."  This allegation is within the scope of 15 U.S.C. §1692f(1).  In ¶105, Plaintiff essentially repeats the allegation in ¶103.

These allegations simply state legal conclusions without providing any factual support.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 •  BINGHAM FARMS, MICHIGAN 48025 •  248-723-9520

Nowhere in the Complaint does Plaintiff indicate the terms of her agreement with Citibank or how they were allegedly violated. To the extent the allegations are based on Plaintiff's assertion that she did not owe any debt to Citibank when UCB sent her the June 17, 2010 letter, the claims fail for the same reasons the claims under §§1692e and 1692e(2), addressed in the previous argument, fail.

**G.      15 U.S.C. §1692g(a)**

In ¶106, Plaintiff alleges that UCB violated §1692g by failing to provide her with the requisite information within 5 days of the initial communication. However, the June 17, 2010 letter from UCB ***was*** the initial communication and complied with the requirements of §1692g(a). The provision clearly states that the information need not be contained in a notice within 5 days of the initial communication if the information was already contained in the initial communication.

**H.      15 U.S.C. §1692e(11)**

In ¶107, Plaintiff alleges that UCB violated §1692e(11) because, "in no telephone cont[]act did [UCB] advise … Plaintiff that they were attempting to collect a debt and information would be used for that purpose." As noted in Argument I, however, nowhere in the Complaint does Plaintiff allege that UCB ever called her on the telephone. Plaintiff alleges that she only received telephone calls from URS (¶s 37-43). This claim must accordingly fail.

**I.      15 U.S.C. §1692k(a)(1)**

In ¶108, Plaintiff requests an award of actual damages pursuant to §1692k(a)(1). Since Plaintiff has failed to state any cognizable claim against UCB under the FDCPA, she is not entitled to any actual or statutory damages.

Should the Court conclude, however, that Plaintiff has succeeded in pleading a cognizable claim under the FDCPA, Plaintiff has failed to provide any factual allegations that

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

13

would support her claim for actual damages.  In ¶86, Plaintiff simply alleges that she "has suffered damages as a result of these violations of the FDCPA."  She provides no details regarding the nature of these damages.  In ¶81, Plaintiff alleges that the Defendants "GANGBANGED" her by "repeatedly engaging Mrs. Hunter by mail and by phone calls and verbally abusing Mrs. Hunter … ."  Plaintiff, however, has not alleged that she received *any* telephone calls from UCB.  She has only alleged that she received two letters from UCB, neither of which was harassing or insulting.  Plaintiff's claim for actual damages is simply not plausible under *Twombly* and *Iqbal*. *See, e.g., Denius v. Dunlap,* 330 F.3d 919, 929 (7th Cir. 2003) ("[B]are allegations by a plaintiff that the defendant's conduct made him 'depressed,' 'humiliated' or the like are not sufficient to establish injury unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action.")

The Court should accordingly dismiss the FDCPA claims against UCB, with prejudice.

## III.   PLAINTIFF HAS NOT STATED ANY COGNIZABLE STATE LAW CLAIM AGAINST UCB.

Complaint II contains nine claims arising under Michigan law.  None of these counts states a cognizable claim against UCB.

### A.   Michigan Occupational Code

On p. 7 of Complaint II, Plaintiff asserts a claim titled "COUNT III – Michigan Occupational Code (URS)."  Article 9 of the Michigan Occupational Code ("MOC"), M.C.L. §339.901 *et seq.,* requires that collection agencies be licensed (§339.904) and sets forth a series of acts which collection agencies are prohibited from engaging in (§339.915).  The MOC count pled on p. 7 identifies URS as a "collection agency" and does not name UBC.  Only URS is identified in the count; there are no allegations against UCB.  Plaintiff repeats the identical

14

claim on p. 10, again naming only URS in the count.  Consequently, no claim has been pled against UCB under the MOC.[4]

### B.        Invasion Of Privacy By Intrusion Upon Seclusion

On p. 12 of Complaint II, Plaintiff purports to assert a claim for invasion of privacy by intrusion upon seclusion.  The claim is generically pled against "Defendant," without identifying which Defendant(s) the claim is intended to apply to.  For purposes of argument, only, UCB will assume that the claim is intended to apply to UCB.

The tort of "intrusion upon seclusion" is one of four invasion of privacy torts that are generally recognized, the three other torts being (1) public disclosure of private facts; (2) publicity that places an individual in a false light in the public eye; (3) appropriation of the name or likeness of another for the defendant's advantage.  *See Dalley v. Dykema Gossett PLLC,* 287 Mich. App. 296, 306 (2010).  The elements of the tort of "intrusion upon seclusion" were set forth in *Dalley* as follows, *id.*":  "(1) the existence of a secret and private subject matter; (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the obtaining of information about the subject matter through some method objectionable to a reasonable man."

---

[4]  Even if Plaintiff were to contend that she intended to name UCB as the Defendant in one of the MOC counts, she has failed to plead any facts that would support any of the alleged violations of the MOC.  Plaintiff alleges violations of M.C.L.§339.91(g), (n), and (q).  Sec. 339.991(g) prohibits, "Communicating with a debtor without accurately disclosing the caller's identity or cause expenses to the debtor for a long distance telephone call, telegram, or other charge."  Plaintiff does not allege that she received any telephone calls or telegrams from UCB.  Sec. 339.991(n) prohibits using "a harassing, oppressive, or abusive method to collect a debt," including telephone calls.  UCB's two letters to Plaintiff, which conformed with the requirements of the FDCPA, were not "harassing, oppressive, or abusive," and, again, Plaintiff does not allege that UCB made any telephone calls to Plaintiff.  Sec. 339.991(q) prohibits the failure "to implement a procedure designed to prevent a violation by an employee."  Since Plaintiff has failed to plead a violation of the MOC by any employee of UCB, Plaintiff has likewise failed to plead the need to implement a procedure to prevent a violation.

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

Plaintiff fails to allege any of the requisite elements constituting the tort of "intrusion upon seclusion." In ¶111, Plaintiff alleges that the Defendant engaged in "highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy." This allegation does not satisfy any of the elements of the tort. Nowhere in the count, or elsewhere in the Complaint, does Plaintiff allege that UCB obtained information relating to Plaintiff regarding a secret and private subject matter by improper or objectionable means. Plaintiff has therefore failed to state a cognizable claim against UCB for intrusion upon seclusion.

Nor can Plaintiff contend that she has simply mislabeled the specific invasion of privacy tort that she has pled. The allegations set forth in the Complaint do not qualify as constituting any of the other three invasion of privacy torts. A claim of public disclosure of private facts requires "(1) the disclosure of information, (2) that is highly offensive to a reasonable person, and (3) that is of no legitimate concern to the public." *Doe v. Mills,* 212 Mich. App. 73, 80 (1995). There is no allegation in Complaint II indicating that UCB disclosed information regarding the debt to the public at large. Nor is there any allegation in the Complaint indicating that UCB disclosed to the public at large a matter relating to Plaintiff that put her in a false light. *See Detroit Free Press v. Oakland County Sheriff,* 164 Mich. App. 656, 666 (1988). Nor is there any allegation in the Complaint indicating that UCB misappropriated Plaintiff's name or likeness for its own use or benefit. *See Restatement (Second) Of Torts,* §652C (1977). Plaintiff has therefore failed to state a cognizable claim against UCB for intrusion upon seclusion, or any other invasion of privacy tort.

### C.    Negligent Misrepresentation

On p. 12 of Complaint II, Plaintiff purports to set forth a claim for negligent misrepresentation. The claim, again, is generically pled against "Defendant," without

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

identifying which Defendant(s) the claim is intended to apply to.  For purposes of argument, only, UCB will assume that the claim is intended to apply to UCB.

A claim of negligent, or innocent, misrepresentation, is a species of fraudulent misrepresentation and requires proof of the same elements, except that the false representation need not have been made knowingly or recklessly.  *See State-William Partnership v. Gale,* 169 Mich. App. 170, 178 (1988).  The tort is therefore predicated on the defendant making an affirmative representation to the plaintiff which is false, and the plaintiff relying on that false information, with resulting injury to the plaintiff.  Negligent misrepresentation also requires "proof of the additional element that the plaintiff's injury actually benefited the defendant." *Id.*

In the count, Plaintiff alleges that "Defendant" made representations of material fact which were false; that Defendant knew the representation was false; that Defendant made the representation with the intent to defraud Plaintiff; that Plaintiff did not know the representation was false and believed it to be true; and that Plaintiff acted in justifiable reliance upon the truth of the representations.  Plaintiff fails, however, to identify specifically what representation she claims UCB made to her that satisfies these elements.  Even assuming that Plaintiff is referring to UCB's assertion that she owed Citibank $1968.59, contrary to Plaintiff's claim that she had "settled" her debt, Plaintiff does not allege that she made any payment to UCB based on this representation.  In fact, in her July 26, 2010 letter to UCB she disputed the validity of the representation and, as alleged in ¶72 of the Complaint, requested validation of the debt in writing.  Plaintiff therefore did not act in reliance on the alleged misrepresentation.  *See DirectTV, Inc. v. Karpinsky,* 269 F. Supp.2d 918, 929 (E.D. Mich. 2003), *motion for reconsideration granted on other grounds,* 274 F.Supp.2d 918.  Since Plaintiff did not make any payment based on the representation, Plaintiff did not suffer any damage, and UCB did not receive any benefit, by virtue of the purported misrepresentation.  The allegations in Plaintiff's

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

17

Complaint thus demonstrate the claim's invalidity.  Plaintiff has therefore failed to state a cognizable claim of negligent misrepresentation against UCB.

### D.    Fraudulent Concealment

On p. 13, Plaintiff purports to assert a claim for fraudulent concealment  The claim, again, is generically pled against "Defendant," without identifying which Defendant(s) the claim is intended to apply to.  For purposes of argument, only, UCB will assume that the claim is intended to apply to UCB.

The Michigan Court of Appeals set forth the elements of a claim of fraudulent concealment, also known as silent fraud, in *M & D, Inc. v. McConkey,* 231 Mich. App. 22 (1998), as follows, *id.* at 28-29:

> "Silent fraud," also known as fraud by nondisclosure or fraudulent concealment, is a commonly asserted, but frequently misunderstood, doctrine.  This is primarily because most fraud claims are based upon alleged affirmatively stated false representations of material fact.  A claim of "silent fraud" requires a plaintiff to set forth a more complex set of proofs.  In *Lorenzo v. Noel,* 206 Mich. App. 682, 684-685, 522 N.W.2d 724 (1994), this Court gave the following explanation of the so-called "silent fraud" doctrine:
>
> " ' "A fraud arising from the suppression of the truth is as prejudicial as that which springs from the assertion of a falsehood, and courts have not hesitated to sustain recoveries where the truth has been suppressed with the intent to defraud.'" ... Thus, the suppression of a material, which a party in good faith is duty-bound to disclose, is equivalent to a false representation and will support an action in fraud.' ... (Some citations omitted.)

Since a claim fraudulent concealment is a form of fraud, the plaintiff must allege and prove that the plaintiff acted in reliance on the suppression of the material fact and suffered injury as a result.

In the count, Plaintiff makes the conclusory allegation that, "Defendant concealed/suppressed material facts it was duty bound to disclose ... ." (¶122)  Plaintiff then alleges that, "Defendant concealed/suppressed these facts with the intent to defraud and induce

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

Plaintiff to act as described in their letter[.]"; that Plaintiff acted, unaware of the concealed facts; and that she would not have taken the action if she had known the facts.

Although Plaintiff does not articulate what material fact(s) she claims UCB concealed, we may presume that she is claiming that by asserting that Plaintiff owed Citibank $1968.59, it concealed that the balance, according to Plaintiff, was $0.00. This claim fails for the same reasons that the negligent misrepresentation claim fails – the allegations in the Complaint demonstrate that Plaintiff did not act in reliance on a belief that the suppressed fact did not exist. Plaintiff was aware of the allegedly concealed facts; i.e., that the debt had been "settled" and the balance was therefore $0.00, and did not take any action based on the allegedly concealed facts by virtue of which she suffered any damages. She requested verification of the amount UCB asserted she owed Citibank and did not make any payments to UCB. Plaintiff has accordingly failed to state a cognizable claim of fraudulent concealment against UCB.

### E.    Promise Without Intent To Perform (Fraudulent Misrepresentation)

On p. 13, Plaintiff purports to assert a claim for fraudulent misrepresentation, titling the claim "Promise Without Intention To Perform." Although Plaintiff again does not identify which Defendant the claim purportedly applies to, UCB will assume, for the sake of argument, that the claim relates to UCB.

In *Jim-Bob, Inc. v. Mehling,* 178 Mich. App. 71 (1989), the Court observed, *id.* at 459-60:

> Fraud will not be presumed, but must be proved by the plaintiff by clear, satisfactory and convincing evidence. The fraudulent misrepresentation may be based on a promise made in bad faith without intent to perform. To fall within this "bad faith" exception, the evidence of fraudulent intent must relate to conduct by the actor at the time the representations are made or almost immediately thereafter. [Footnotes omitted.]

The Court indicated that the elements required to constitute a claim of fraud apply to a fraudulent promise as well, including that the promise was made with the intention that it

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

19

should be acted upon by the plaintiff; that the plaintiff acted in reliance on the promise; and that the plaintiff suffered injury as a result. *Id.* at 459.

Nowhere in the count, or elsewhere in the Complaint, does Plaintiff indicate what promise UCB purportedly made to Plaintiff. In ¶127, Plaintiff simply alleges, "Defendant made a promise about a material matter without any intention of performing it[.]" This conclusory assertion, without specifying what the promise was, does not suffice to state a claim of fraudulent misrepresentation. *Scheid, supra.* Nor does Plaintiff allege what she did, or did not do, in reliance on the alleged promise, or how she was injured as a result.

Plaintiff has accordingly failed to state a cognizable claim of fraudulent misrepresentation, in the form of fraudulent promise, against UCB.

## F.   Michigan Debt Collection Practices Act

On pp. 13-14, Plaintiff purports to assert a claim under the Michigan Debt Collection Practices Act, M.C.L. §445.251 *et seq.* ("MDCPA") Although Plaintiff fails to identify which Defendant the claim purportedly applies to, UCB will assume, for the sake of argument, that the claim relates to UCB.

The MDCPA prohibits a "regulated person" from engaging in certain enumerated acts. A "regulated person" is defined as "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency ... ." (§445.251(g)) Since UCB is a debt collector, it is expressly excluded from coverage under the MDCPA. Plaintiff has accordingly failed to state a cognizable claim against UCB for violation of the MDCPA.

## G.   Defamation

On p. 14, Plaintiff purports to assert a claim for defamation against the Defendants. In *Gonyea v. Motor Parts Federal Credit Union,* 192 Mich. App. 74 (1992), the Court set forth

20

the contours of a defamation claim, stating, *id.* at 76-77:

> The elements of a claim of defamation are (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statements irrespective of special harm, or the existence of special harm caused by the publication. … ***These elements must be specifically pleaded, including the allegations with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the alleged defamatory words.*** … [Emphasis added; citations omitted.]

*See also Burden v. Elias Brothers Big Boy Restaurants,* 240 Mich. App. 723 (2000).

In ¶142, Plaintiff simply alleges, "Defendants['] conduct constitutes defamation at common law." Nowhere in the Complaint does Plaintiff indicate what defamatory words were expressed by UCB. Nor does Plaintiff identify any third party to whom the allegedly defamatory words were published.

Plaintiff has consequently failed to state a cognizable claim of defamation against UCB.

## H.      Intentional Infliction Of Emotional Distress

On p. 15, Plaintiff purports to assert a claim for intentional infliction of emotional distress without identifying which Defendant the claim is asserted against. For purposes of argument, UCB will assume that the claim has been asserted against UCB.

In *Polk v. Yellow Freight System, Inc.,* 801 F.2d 190 (6th Cir. 1986), the Court indicated that while the Michigan Supreme Court had not yet recognized the tort of intentional infliction of emotional distress, lower Michigan courts had recognized the tort and set forth its elements. The Court stated, *id.* at 195-96:

> Lower Michigan courts have adopted the tort of intentional infliction of emotional distress as set forth in section 46 of the Restatement (2d) of Torts (1965). *See, e.g., Warren v. June's Mobile Home Village & Sales, Inc.,* 66 Mich. App. 386, 390, 239 N.W.2d 380 (1976). Section 46 of the Restatement states in relevant part:

> (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

Restatement (2d) of Torts §46 (1965).  The Restatement defines this tort narrowly:

It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  ***Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.***

*Id.* at § 46, comment d, quoted in *Warren,* 66 Mich. App. at 390-91, 239 N.W.2d 380. ***the defendant is not liable for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities,***" Restatement (2d) of Torts § 46, comment d (1965) quoted in *Warren,* 66 Mich. App. at 391, 239 N.W. 2d 380, nor is the defendant liable "where he has done no more than to insist upon his legal rights in a permissible way, even though he was well aware that such insistence is certain to cause emotional distress."  Restatement (2d) of Torts §46, comment g (1965).  [Emphasis added.]

*See also Roberts v. Auto-Owners Insurance Co.,* 422 Mich. 594 (1985).

The count contains a single averment in which Plaintiff simply alleges that defendant's "conduct has inflicted emotional distress."  Nowhere in the Complaint does Plaintiff allege that UCB engaged in any conduct that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  The only contact UCB had with Plaintiff was via the June 17, 2010, letter, in which UCB indicated Plaintiff owed Citibank $1968.59 and provided the information required by §1692g(b) of the FDCPA, and the letter referred to in ¶78 in which UCB indicated that it had forwarded Plaintiff's request for debt validation to Citibank and the account had been placed on hold.  Neither letter contained any insulting, pejorative or outrageous language.  This conduct clearly does not rise to the level of egregious conduct necessary for a claim of intentional infliction of emotional distress.  *See Roberts, supra* (insurance company's delay in processing claim for reimbursement of insured's expenditures for replacement services and denial of claim, while arguably bad faith conduct, was not

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

sufficiently outrageous or extreme to satisfy threshold for intentional infliction of emotional distress); *Meek v. Michigan Bell Telephone Co.,* 193 Mich. App. 340 (1992) (supervisor's comments to female employee that she should wear pants with pockets in order to keep her wallet like men do; calling her "chubbly," a combination of chubby and ugly; addressing her as a Jewish American princess; and asking her whom she had slept with in order to obtain her job did not rise to level of extreme and outrageous conduct to constitute intentional infliction of emotional distress).

Plaintiff has accordingly failed to state a cognizable claim of intentional infliction of emotional distress against UCB.

## I.    Violation Of Michigan Consumer Protection Act

On p. 15, Plaintiff purports to assert a claim for violation of the Michigan Consumer Protection Act, §445.901 *et seq.* ("MCPA"). The claim is pled against all Defendants.

Section 4(1) of the MCPA, M.C.L. §445.904(1)(a), states that the statute does not apply to "(a) A transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." In *Smith v. Globe Life Insurance Co.,* 460 Mich. 446 (1999), the Michigan Supreme Court held that in determining whether this section's exemption applied to a particular transaction, "[T]he relevant inquiry is not whether the specific misconduct alleged by the plaintiffs is 'specifically authorized.' Rather, it is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited." *Id.* at 465. The Court accordingly held that the transaction at issue in the lawsuit – the sale of credit life insurance – was exempt from the provisions of the MCPA, since the sale of insurance was regulated by the State Commissioner of Insurance pursuant to M.C.L. §550.612 and M.C.L. §550.613. *See also Liss v. Lewiston-Richards, Inc.,* 478 Mich. 203 (2007) (claim involving the construction of a

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

residential home was exempt from the MCPA, since residential home builders are regulated by the Residential Builders and Maintenance and Alteration Contractors' Board and subject to licensing requirements under the MOC); *Burton v. William Beaumont Hospital,* 373 F. Supp.2d 707 (E.D. Mich. 2005) (claim relating to hospital's billing procedures was exempt from the scope of the MCPA, since the health-care industry is regulated by the Michigan public health code, M.C.L. §333.1101 *et seq.*).

Plaintiff's claim against UCB is likewise exempt from the scope of the MCPA, since its conduct as a debt collector is subject to the provisions of the FDCPA, which are enforced under 15 U.S.C. §1692l by the Federal Trade Commission; and subject to oversight by the Michigan Department of Commerce, pursuant to §910 of the MOC, M.C.L. §339.910.

In addition, the MCPA defines and prohibits certain "Unfair, unconscionable, or deceptive methods, act, or practices in the conduct of trade or commerce …." M.C.L. §445.903(1). The MCPA defines the scope of "trade or commerce" as "the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes … ." M.C.L. §445(1)(g). UCB, however, was not providing any goods, property, or service to Plaintiff. It was seeking to collect a debt from Plaintiff. Its interaction with Plaintiff was therefore not within the scope of transactions subject to the MCPA. Although UCB was providing a service to Citibank, that service – collecting a debt owed to Citibank – was not for Citibank's personal, family or household purposes. Therefore, the MCPA does not apply to the actions of UCB. *See Karpinsky, supra,* 269 F. Supp.2d at 928; *Cosmetic Dermatology And Vein Centers of Downriver, P.C. v. New Faces Skin Care Centers, Ltd.,* 91 F. Supp.2d 1045, 1060 (E.D. Mich. 2000).

Moreover, even if the MCPA applied to UCB's conduct at issue here, and if UCB were not exempt from application of the MCPA, Plaintiff has failed to allege any facts to support her

24

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

allegations of the numerous violations of the MCPA set forth in the count. In ¶150, for example, Plaintiff alleges that, "Defendants' on the above dates Advertised or represent[ed] goods or services with intent not to dispose of those goods or services as advertised or represented." Nowhere in the Complaint, however, does Plaintiff allege that UCB advertised any goods or services. Similarly, in ¶153, Plaintiff alleges that, "Defendants' on the above dates caused probability of confusion or misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction." UCB's June 17, 2010, letter, however, complied with the requirements of the FDCPA set forth in 15 U.S.C. §1692g(b) and advised Plaintiff of her "legal rights, obligations [and] remedies." Plaintiff has thus offered "bare assertions of legal conclusions" without providing any factual underpinnings. *Scheid, supra.* Plaintiff has accordingly failed to state a cognizable claim against UCB arising under the MCPA.

### CONCLUSION AND RELIEF

None of the claims asserted by Plaintiff in Complaint II states a cognizable claim against UCB. UCB is accordingly entitled to judgment on the pleadings and entry of an order dismissing it from the lawsuit, with prejudice.

Respectfully submitted,

Dated: March 31, 2011

/s/ Gregory R. Neidle
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Email: gneidle@dobbsneidle.com
MI Bar Number P59273
Attorney for Defendant United Collection Bureau

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2011 I electronically filed the foregoing paper with the Clerk

of the Court using the ECF system which will send notification of such filing to the following:

    Jan Jeffrey Rubenstein, Esq.
    Ronald B. Rich & Associates
    30665 Northwestern Hwy, Suite 280
    Farmington Hills, MI 48334

    and I hereby certify that I have mailed by United States Postal Service the paper to the

following non ECF participants:

    EVELYN C. HUNTER
    515 Ferris Street
    Ypsilanti, MI 48147

/s/ Gregory R. Neidle
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  gneidle@dobbsneidle.com
MI Bar Number P59273

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

26